IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DURAYL TYREE VANN,

    **Plaintiff,**

    v.                                                 CASE NO. 20-3200-SAC

JEFFREY FEWELL, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas, the events giving rise to his Complaint occurred during his detention at the Wyandotte County Jail ("WCJ'). The Court granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court on Plaintiff's Response (Doc. 18) to the Court Memorandum and Order at Doc. 16.

The Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) ("MOSC"), granting Plaintiff an opportunity to show good cause why his claims regarding incidents occurring in 2015 should not be dismissed as barred by the applicable statute of limitations. The Court also granted Plaintiff an opportunity to file an amended complaint to cure the deficiencies regarding his remaining claims. Plaintiff filed a response (Doc. 11) and an Amended Complaint (Doc. 13). The Court screened the Amended Complaint under 28 U.S.C. § 1915A and entered a Memorandum and Order (Doc. 16) on August 10, 2021 ("M&O").

In the M&O, the Court: 1) dismissed as barred by the statute of limitations Plaintiff's claims in Counts I, III, IV, VII, XI and XIII, and the claim based on his placement in a cell in 2015 in Count X; 2) directed Plaintiff to show good cause, in writing, why his claims in Count XV should not be dismissed for failure to state a claim; and 3) ordered the officials

responsible for the operation of the WCJ to prepare a *Martinez* Report regarding Counts II, VI, VIII, IX, XII, XIV, XVI, and the claim in Count X regarding incidents occurring in 2019.

Plaintiff's Amended Complaint contains several claims relating to incidents occurring around January 15, 2015, involving Defendants Green, Faulkner, Hibbler, Sage, B. Jones, S. Brown, Green-Cortez, Holmes, Harmon, Russell, Buxton and Carver. *See* Doc. 13 (Amended Complaint, Counts I, III, IV, V, VII, XI, and XIII). Plaintiff also claims in part of Count X that Warden Fewell retaliated against Plaintiff on February 6, 2015, by placing Plaintiff in an unfit cell. *Id*. at Count X.

The next date Plaintiff refers to in his Amended Complaint is 2018. He sets forth claims of excessive force, the denial of medical care, and an improper disciplinary hearing, all allegedly occurring in 2018. *Id*. at Counts II, VI, and VIII. These claims involve Defendants Lobner, Schuler, John Doe, Mesner and Toms. Plaintiff claims in Count VIII that Defendant Toms retaliated against him after he filed grievances regarding his disciplinary hearing by refusing to let Plaintiff out of segregation, refusing him access to the law library, and refusing his legal mail correspondence. (Doc. 13, at 12.) Plaintiff also alleges in Count IX that Deputy Reid retaliated against Plaintiff by denying him food, clothing, and medical assistance. *Id*. at 13. Plaintiff alleges in part of Count X that Warden Fewell retaliated against him on October 18, 2019, by placing him in an unfit cell. *Id*. at 14. Plaintiff alleges in Count XII that Defendants Patrick and Fewell retaliated against Plaintiff by leaving him in long-term segregation, ceasing Plaintiff's incoming and outgoing mail, confiscating Plaintiff's hygiene items, denying Plaintiff access to the law library and to the courts, and threatening Plaintiff. *Id*. at 16. In Count XIV, Plaintiff alleges that Undersheriff Roland and Sheriff Ash were deliberately indifferent to Plaintiff's

safety.  *Id*. at 19.  Plaintiff alleges in Count XVI that Defendants Toms and Holmes discriminated against him while conducting his disciplinary proceedings.[1]  *Id*. at 20.

Plaintiff claims in his Amended Complaint that in retaliation for Plaintiff filing grievances in 2015 based on the excessive force incident, "several other physical assaults and batteries were inflicted upon plaintiff . . . to scare, intimidate, hinder, and try to stop plaintiff from exposing the incidents. . .."  (Doc. 13, at 5–6.)  Plaintiff states that "these incidents continued consistently, in a series of physical assaults and batteries against plaintiff from the dates of 01-15-15 thru 01-01-20."  *Id*. at 6.  Plaintiff then refers to his exhibits and affidavit for evidence and declares that all of the defendants listed in his Amended Complaint committed the acts.  *Id*.  Plaintiff alleges that "these officers" retaliated by "hindering plaintiff from access to the courts, the confiscation of plaintiff's legal and litigation documents and material, the confiscation of all incoming and outgoing mail, the denial of basic needs such as meals, bath/showers, clean clothing, and hygiene; and denial of medical attention; denial of free speech and religious practice."  *Id*.

The Court directed Plaintiff to show good cause why Count XV of his Amended Complaint should not be dismissed for failure to state a claim.  In Count XV, Plaintiff claims that Defendants Green, Faulkner, Lobner, John Doe, Schuler, Mesner, Green-Cortez, Sage, Jones, Reid, Toms, Hibler, Patrick, Brown, Holmes, Buxton, Carver, Roland and Ash, violated Plaintiff's right to equal protection from bodily harm and retaliation.  Plaintiff alleges that Defendants have retaliated against him since the 2015 incident in a "consistent continuous fashion."  Plaintiff alleges that these Defendants inflicted "severe injury" upon Plaintiff.

---

[1] The claim against Defendant Holmes relates to Plaintiff's disciplinary hearing in 2015 and is dismissed as barred by the statute of limitations.  Defendant Toms was his DHO for his disciplinary hearing in 2018 and this claim will be addressed in the *Martinez* Report.

"[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] Section 1983 even if the act, when taken for a different reason, would have been proper." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (citations omitted). The Tenth Circuit has held that:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

The Court previously cautioned Plaintiff that an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quotations and citations omitted). Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). "To prevail, a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive." *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).

In his response, Plaintiff realleges his claims from his Amended Complaint and asserts that "retaliation is the nexus that connects and relates each defendant and action mentioned in this complaint and other articles of grievances together as one complaint."   (Doc. 18, at 6.) Plaintiff claims that acts of retaliation from January 15, 2015 through January 1, 2020, all relate

4

back to the incident occurring on January 15, 2015, and Plaintiff's filing of grievances based on the incident.  However, Plaintiff fails to allege specific facts for any incidents from around February 2016 until 2018.  The Defendants named in the Counts based on incidents in 2015 are different, with the exception of Defendant Fewell, from the Defendants named in the Counts based on incidents occurring in and after 2018.

Plaintiff has failed to show good cause why Count XV should not be dismissed.  Plaintiff merely realleges his claims from his Amended Compliant, all of which have either been dismissed or are the subject of the ordered *Martinez* Report.  Plaintiff's specific allegations of retaliation in Counts VIII, IX, X and XII will be addressed in the *Martinez* Report.  However, his general claim of retaliation in Count XV fails to state a claim.  Plaintiff fails to give specifics of which defendant did what and when.  The claim in Count XV fails to provide information which would allow Defendants to respond.  The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Court previously dismissed the Counts in Plaintiff's Amended Complaint that were based on incidents occurring in 2015.  Count V of Plaintiff's Amended Complaint is based on allegations that Plaintiff's religious items were confiscated on January 15, 2015, when Plaintiff was placed in segregation.  (Doc. 13, at 9–10).  The Court inadvertently failed to mention this Count when setting forth the claims from 2015 that should be dismissed as barred by the statute

of limitations. The Court clarifies that Count V is dismissed as barred by the statute of limitations.

**IT IS THEREFORE ORDERED BY THE COURT** that Counts V and XV of Plaintiff's Amended Complaint are **dismissed**.

**IT IS FURTHER ORDERED** that Defendants William Green, (fnu) Faulkner, M. Hibbler, E. Sage, Naomi Green-Cortez, B. Jones, F. Harmon, J. Russell, S. Brown, Kimberly Holmes, (fnu) Buxton, and (fnu) Carver are **dismissed.**

**IT IS SO ORDERED.**

Dated September 3, 2021, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
Sam A. Crow
U.S. Senior District Judge