IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DURAYL TYREE VANN,**

    **Plaintiff,**

    v.                                                         CASE NO. 20-3200-SAC

**JEFFREY FEWELL, et al.,**

    **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas, the events giving rise to his Amended Complaint occurred during his detention at the Wyandotte County Jail ("WCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*. The Court entered a Memorandum and Order (Doc. 16) on August 10, 2021, ordering the officials responsible for the operation of the WCJ to prepare a *Martinez* Report. The Report is due December 15, 2021. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 26).

Plaintiff has filed a motion for the appointment of counsel (Doc. 26), arguing that he is unable to afford counsel, his incarceration will limit his ability to litigate, the issues are complex and will require significant research and investigation, Plaintiff has limited knowledge of the law and limited law library access, a trial will likely involve conflicting testimony and the cross-examination of witnesses, and Plaintiff has been unsuccessful in his attempts to obtain counsel on his own.

The Court has considered Plaintiff's motion for appointment of counsel. There is no

constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 26) is **denied without prejudice.**

**IT IS SO ORDERED.**

**Dated November 30, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**