| | |
|---|---|
| DURAYL TYREE VANN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEFFREY FEWELL, et al., ) <br> ) <br> Defendants. ) | CASE NO: 20-3200-SAC |

## MARTINEZ REPORT

**COMES NOW**, counsel undersigned for the Wyandotte County Sheriff as an Interested Party (WYSO), and in accordance with the Court's Order [Doc. #16, filed August 10, 2021] submits the following Martinez Report as an aid to the Court in further screening the merits of Plaintiff's (Vann) claims. This report is based upon affidavit testimony and official internal facility documentation, and audio and video recordings available at the time of preparation. WYSO reserves the right to seek leave to supplement this report in the unlikely event additional evidence is discovered or becomes available.

**Introduction**

Vann has filed a pro se complaint pursuant to 42 U.S.C. §1983. He is currently in the custody of the Kansas Department of Corrections (KDOC), but his claims arose while incarcerated and at the Wyandotte County Jail (WCJ). After allowing Vann to proceed in forma pauperis and granting him an opportunity to show good cause why his claims regarding incidents occurring in 2015 should not be dismissed as barred by the applicable statute of limitations, and allowing for an opportunity amend his complaint to cure deficiencies, the Court dismissed claims based on incidents that occurred in 2015. However, the Court also determined that proper processing of

the remaining claims based on incidents alleged to have occurred in 2018 and 2019, could not occur without additional information from officials at the Wyandotte County Jail and subsequently ordered the submission of this report to aid the Court in its screening pursuant to 28 U.S.C. §1915. This report is directed to address the remaining claims.

**Summary of Investigation**

A review of the relevant facility documentation and preserved audio and video recordings, along with interviews of witnesses and persons knowledgeable about Plaintiff Vann's claims have been compiled, and now are submitted to the Court as Exhibits, either attached hereto or filed non-conventionally, and incorporated as if fully set forth herein. Based upon the foregoing inquiry, the findings and conclusions are rendered below and cited to each supporting Exhibit.

## FINDINGS OF THE WYANDOTTE COUNTY SHERIFF'S OFFICE

**Count II**

**Allegation:**

"Vann claims in Court II of his Amended Complaint that Defendants Lobner, Schuler, and Deputy John Doe used excessive force and assaulted Plaintiff in 2018. Plaintiff Vann alleges that the specific date and time of this incident is documented in his grievances. Plaintiff also alleges that these officers denied him medical care for the injuries he sustained." [DOC. #16, Pg. 5]

**Response:** Based on the allegations contained in Count II, facility records were located to identify the date of the incident as October 28, 2018. Plaintiff filed several grievances covering these allegations which were thoroughly investigated and determined to be false. The incident was captured on video, reviewed on multiple levels, and determined to be appropriate and in accordance with WYSO policy and procedure. Medical records of the Plaintiff were also reviewed and appropriate medical care and treatment relative to the incident was provided.

**Supporting Exhibit(s): A, B, C**

## Count IV

**Allegation:**

"In Count VI, Plaintiff alleges that Defendant Mesner denied Plaintiff medical assistance in 2018 when he was experiencing chest pains, numbness of limbs, headache and slurring of speech. Plaintiff alleges that he lost consciousness and was beaten and dragged down a flight of stairs by Defendants Lobner, Schuler, and John Doe. Plaintiff alleges that the exact date of this incident is set forth in his grievances. It appears as though Count II and Count VI may be based on the same incident." [DOC. #16, Pg. 5-6]

**Response:** The allegations contained in Count IV arise from the same transaction or occurrence of events as in Count II and therefore restates and incorporates the previous response provided. Facility records were located to identify the date of the incident as October 28, 2018. Plaintiff Vann filed several grievances covering these allegations which were thoroughly investigated and determined to be false. The incident was captured on video, reviewed on multiple levels, and determined to be appropriate and in accordance with WYSO policy and procedure. Medical records of Plaintiff Vann were also reviewed and appropriate medical care and treatment relative to the incident was provided.

**Supporting Exhibits:** A, B, C

## Count VIII

**Allegation:**

"In Count VIII, Plaintiff alleges that Defendant Toms, D.H.O. and head of classifications, sentenced Plaintiff in 2018 to segregation for seeking the aid of medical nurses for chest pains. Plaintiff alleges that he was kept in segregation longer than normal to hide his injuries. Plaintiff alleges that he was denied due process at his disciplinary hearing and Defendant Toms retaliated against Plaintiff for filing grievances." [DOC. #16, Pg. 6]

**Response:** The records and information available are contrary to Plaintiff Vann's allegations. The Hearing Officer, Sara Toms has reviewed the relevant documentation and provided a summary and statement in response to the allegations.

**Supporting Exhibits:** E

### Count IX

**Allegation:**

"In Count IX, Plaintiff alleges that Defendant Reid denied Plaintiff his food tray on several occasions and denied Plaintiff medical assistance, showers, clean clothing and recreation on a regular and consistent basis in retaliation for Plaintiff filing grievances against her." [DOC. #16, Pg. 6]

**Response:** No records could be found relative to the averments contained in Count IX. Electronic and conventional grievance records are attached from 1/1/2017 thru 8/18/21. No grievances related to the averments set forth were found.

**Supporting Exhibits:** F, G

### Count XII

**Allegation:**

"In Count XII, Plaintiff claims that Defendant Patrick retaliated against Plaintiff for filing grievances by keeping him in long-term segregation without any write-ups or justification, ceasing all of Plaintiff's incoming and outgoing mail, confiscating all of Plaintiff's hygiene products, denying Plaintiff access to the law library and the courts, and continuing to harm Plaintiff physically and mentally. Plaintiff alleges that Defendant Patrick threatened to leave Plaintiff in segregation "until he rots" unless Plaintiff ceased writing up his officers and writing the media. Plaintiff alleges that Defendant Patrick threatened to hurt Plaintiff and get away with it while Plaintiff was in segregation and to kill Plaintiff when he sees Plaintiff on the streets. Plaintiff alleges that he feared for his life. Plaintiff's grievance alleges that this occurred around October of 2019. (Doc. 14–1, at 40.)" ([DOC. #16, Pgs. 6-7]

**Response:** Defendant Patrick denies the allegations set forth by the Plaintiff. Substantial documentation exists to support decisions relative to Plaintiff's classification status and housing placement. Due to Plaintiff's own threatening conduct, he was considered a security risk and placed accordingly.

**Supporting Exhibits:** E, F, G, H

### Count XIV

**Allegation:**

"In Count XIV, Plaintiff claims that Defendants Roland and Ash failed to take action to prevent the abuses being committed by staff at the WCJ after they were made aware of the abuses." [DOC. #16, Pg. 7]

**Response:** Appropriate and timely response were made to all grievances filed and received. Any actions taken were in accordance with standard operating procedures.

**Supporting Exhibits: F, G**

### Count XVI

**Allegation:**

"In Count XVI, Plaintiff claims that he received harsher treatment at his disciplinary hearings by Defendants Toms and Holmes. Plaintiff alleges that Defendants Fewell and Patrick would let white inmates out of segregation sooner even though they had violent write-ups and Plaintiff did not. Plaintiff alleges discrimination based on his race." [DOC. #16, Pg. 8]

**Response:** Plaintiff has failed to exhaust his administrative remedies with respect to this claim and the records do not appear to contain any grievance on this issue. However, disciplinary records from 2018 and 2019 reflect Plaintiff received due process in his hearings and was sanctioned appropriately and in accordance with facility procedures.

**Supporting Exhibits: E, F, G**

## Count X

**Allegation:**

"The Court dismissed the claim in Count X based on Plaintiff's placement in an unsanitary cell in 2015. Count X also contains a claim that on October 18, 2019, Defendant Fewell ordered Plaintiff to be moved to another unfit cell—B2 #04. Plaintiff alleges that the toilet was broken and contained feces and urine filled to the brim and overflowing for several days. Plaintiff alleges that the floors and walls were covered in black mold and fungus and the sink did not work. Plaintiff alleges that this was done in retaliation for Plaintiff filing grievances and talking to a camera crew that was filming a documentary. Plaintiff also alleges that Defendant Fewell blatantly refused to inform Plaintiff of the death of his mother for several days after Plaintiff's family members informed staff of the death. This prevented Plaintiff from burying his mother in accordance with their religious and spiritual beliefs and Plaintiff was forced to cremate his mother." [DOC. #16, Pg. 6]

**Response:** Plaintiff has failed to exhaust his administrative remedies with respect to this claim and the records do not appear to contain any grievance on this issue. However, facility maintenance records do not reflect any significant issues with the cell in question.

**Supporting Exhibits: D**

## INDEX OF EXHIBITS

| Exhibit | Description |
| --- | --- |
| A | Videos of Incident on October 27, 2018 (Filed conventionally and under seal) |
| B | Sheriff's Office Investigation Records re 10/28/18 incident |
| C | Affidavit of Dee Dee Gregory |
| D | Facility Maintenance Records |
| E | Affidavit of Sara Toms |
| F | Inmate Communication Forms Records (Electronic) |
| G | Inmate Communication Forms (Conventional) |
| H | Affidavit of Major Charles Patrick with Supporting Records |
| I | Cell History for Plaintiff Vann |
| J&K | Vann's Booking file (2018/2019) |

Respectfully Submitted,

/s/   Joni Cole
Joni Cole, KBN 24798
Legal Advisor to the Sheriff
710 N. 7th Street
Kansas City, Kansas 66101
Ph: 913-573-5069
Email: jscole@wycokck.org

## CERTIFICATE OF SERVICE

I certify that on this 14th day of January, 2022 a true and correct copy of the foregoing was filed using the District Court CM/ECF system with a hard copy mailed, postage pre-paid, to:

Durayl Tyree Vann, #0076997
Lansing Correctional Facility
301 E. Kansas Avenue
Lansing, Kansas 66043

/s/   Joni Cole
Attorney for Interested Party
Wyandotte Co. Sheriff's Office