EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DURAYL TYREE VANN,

     **Plaintiff,**

v.                             **CASE NO: 20-3200-SAC**

JEFFREY FEWELL, et al.,

     **Defendants.**

---

### AFFIDAVIT OF DEE-DEE GREGORY RN, BSN, HSA

State of KANSAS      )
                              ) ss:
County of WYANDOTTE )

I, the undersigned, Dee-Dee Gregory, of lawful age and first being duly sworn upon her oath, do state:

1. That I am the Health Services Administrator for the Wyandotte County Detention Center and an employee of Wellpath Correctional Health Services, and I have knowledge of the facts stated herein.

2. I have reviewed my files related to the subject matter of this litigation, and the electronic records of the Wyandotte County Sheriff's Office that pertain to the Plaintiff.

3. The statements contained herein are either based on personal knowledge, and or drawn from records kept in the ordinary course and scope of business of the Wyandotte County Sheriff's Office, and are true and accurate to the best of my knowledge and belief.

4. On 10/28/18 at 2:35am, Medical responded to a call to evaluate an inmate in F-pod due to a complaint of chest pain. This inmate was the Plaintiff, Durayl Vann. (Vann)

5. When Medical arrived, Vann was sitting on the floor with security staff helping him sit up. Vann did not appear to be in any distress but refused to follow instructions.

6. Medical staff tried obtaining vital signs but Vann was uncooperative and pushed the thermometer probe from his mouth with his tongue.

7. Next his blood pressure was obtained and it was directed that he be moved to the clinic to conduct an EKG but Vann stated he was unable to stand.

8. A wheel chair was brought and Vann was informed he had to be taken down stairs in order to transport him to the clinic with the wheel chair.

9. When security staff tried to help him to his feet, he refused to cooperate with security staff and so he had to be restrained. Medical checked blood circulation and validated the restraints weren't cutting off blood flow.

10. Vann placed a sick call on 12/4/2018 stating it was 3rd sick call related to his back being hurt from an incident that took place on 10/28/18.

11. Medical saw Vann on 12/6/18, per the nursing pathway we gave the Vann Tylenol twice a day for two days.

12. Vann placed another sick call on 12/26/18 about ongoing back pain from the same incident. Medical saw him on 12/26/18 and the Vann was given Tylenol twice a day for two days per the nursing pathway.

13. On 1/9/19 Vann was seen by medical at his door. Provider was notified and an order was received for an x-ray of his spine. Vann stated to the nurse that he requested an MRI due to a retained bullet. On the same date, 1/9/19 he was given Tylenol twice a day for two days per the nursing pathway.

14. The x-ray results showed a normal Lumbar Spine. The provider reviewed Vann's x-ray results on 1/10/2019 and orders received to follow up in the clinic as needed. On 1/22/2019, Vann was seen by the provider due to multiple complaints of back pain and requesting pain medication. Orders received from the provider to start Ibuprofen 800mg three times a day as needed for 7 days.

15. There was no further treatment, requested or give by Wellpath related to the incident.

16. Vann's medical records reflect that treatment and care received by Vann was timely, appropriate and in accordance with protocol relating to the provision of medical services to inmates.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____ RN HSA
Dee-Dee Gregory, Health Services Administator
Wellpath Correctional Health Services
Wyandotte County Sheriff's Office

Subscribed and sworn on this 14th day of January, 2022.

**COLLEEN M. HERBST
NOTARY PUBLIC
STATE OF KANSAS**

_____
Notary Public (Colleen M. Herbst)

My Appointment Expires: 5-1-2025