# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DURAYL TYREE VANN,**

    **Plaintiff,**

    v.                                 **CASE NO.  20-3200-SAC**

**JEFFREY FEWELL, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas, the events giving rise to his Complaint occurred during his detention at the Wyandotte County Jail ("WCJ").  The Court granted Plaintiff leave to proceed *in forma pauperis*.  On August 10, 2021, the Court entered a Memorandum and Order (Doc. 16) dismissing Counts I, III, IV, VII, XI, and XIII[1] of Plaintiff's Amended Complaint, and ordering the officials responsible for the operation of the WCJ to prepare a *Martinez* Report regarding Counts II, VI, VIII, IX, XII, XIV, XVI, and the claim in Count X regarding incidents occurring in 2019.  The Memorandum and Order provides that once the report has been received, the Court can properly screen Plaintiff's claim under 28 U.S.C. § 1915.

The *Martinez* Report (Doc. 34) was filed on January 14, 2022.  This matter is before the Court for screening Plaintiff's Amended Complaint in light of the Report.  The Court's screening standards are set forth in the Court's Memorandum and Order and Order to Show Cause (Doc. 9).

---

[1] On September 3, 2021, the Court entered a Memorandum and Order dismissing Counts V and XV of the Amended Complaint.  (Doc. 19).

Plaintiff claims in Count II of his Amended Complaint that Defendants Lobner, Schuler and Deputy John Doe used excessive force and assaulted Plaintiff in 2018. Plaintiff alleges that the specific date and time of this incident is documented in his grievances. Plaintiff also alleges that these officers denied him medical care for the injuries he sustained. The *Martinez* Report and attachments reflect that the incident occurred on October 28, 2018, and Plaintiff's grievances were thoroughly investigated and determined to be false. The incident was captured on video, reviewed on multiple levels, and determined to be appropriate and in accordance with WYSO policy and procedure. Medical records of the Plaintiff were also reviewed and appropriate medical care and treatment relative to the incident was provided. The Report also shows that the allegations in Count VI arise from the same transaction.[2] The Court previously noted in the Memorandum and Order that Counts II and VI may be based on the same incident.

In Count VIII, Plaintiff alleges that Defendant Toms, D.H.O. and head of classifications, sentenced Plaintiff in 2018 to segregation for seeking the aid of medical nurses for chest pains. Plaintiff alleges that he was kept in segregation longer than normal to hide his injuries. Plaintiff alleges that he was denied due process at his disciplinary hearing and Defendant Toms retaliated against Plaintiff for filing grievances. The Report shows that the records and information available are contrary to Plaintiff's allegations. The Hearing Officer, Sara Toms, reviewed the relevant documentation and provided a summary and statement in response to the allegations.

In Count IX, Plaintiff alleges that Defendant Reid denied Plaintiff his food tray on several occasions and denied Plaintiff medical assistance, showers, clean clothing and recreation on a regular and consistent basis in retaliation for Plaintiff filing grievances against her. The Report shows that no records could be found relative to the averments contained in Count IX.

---

[2] The Report inadvertently refers to Count VI as Count IV. (Doc. 34, at 3.)

Electronic and conventional grievance records are attached from 1/1/2017 thru 8/18/21. No grievances related to the averments set forth were found.

The Court dismissed the claim in Count X based on Plaintiff's placement in an unsanitary cell in 2015. Count X also contains a claim that on October 18, 2019, Defendant Fewell ordered Plaintiff to be moved to another unfit cell—B2 #04. Plaintiff alleges that the toilet was broken and contained feces and urine filled to the brim and overflowing for several days. Plaintiff alleges that the floors and walls were covered in black mold and fungus and the sink did not work. Plaintiff alleges that this was done in retaliation for Plaintiff filing grievances and talking to a camera crew that was filming a documentary. Plaintiff also alleges that Defendant Fewell blatantly refused to inform Plaintiff of the death of his mother for several days after Plaintiff's family members informed staff of the death. This prevented Plaintiff from burying his mother in accordance with their religious and spiritual beliefs and Plaintiff was forced to cremate his mother. The Report shows that Plaintiff has failed to exhaust his administrative remedies with respect to this claim and the records do not appear to contain any grievance on this issue. However, facility maintenance records do not reflect any significant issues with the cell in question.

In Count XII, Plaintiff claims that Defendant Patrick retaliated against Plaintiff for filing grievances by keeping him in long-term segregation without any write-ups or justification, ceasing all of Plaintiff's incoming and outgoing mail, confiscating all of Plaintiff's hygiene products, denying Plaintiff access to the law library and the courts, and continuing to harm Plaintiff physically and mentally. Plaintiff alleges that Defendant Patrick threatened to leave Plaintiff in segregation "until he rots" unless Plaintiff ceased writing up his officers and writing the media. Plaintiff alleges that Defendant Patrick threatened to hurt Plaintiff and get away with

it while Plaintiff was in segregation and to kill Plaintiff when he sees Plaintiff on the streets. Plaintiff alleges that he feared for his life.  Plaintiff's grievance alleges that this occurred around October of 2019.  (Doc. 14–1, at 40.)  The Report shows that:  Defendant Patrick denies the allegations set forth by the Plaintiff; substantial documentation exists to support decisions relative to Plaintiff's classification status and housing placement; and due to Plaintiff's own threatening conduct, he was considered a security risk and placed accordingly.

In Count XIV, Plaintiff claims that Defendants Roland and Ash failed to take action to prevent the abuses being committed by staff at the WCJ after they were made aware of the abuses.  The Report shows that appropriate and timely response were made to all grievances filed and received, and any actions taken were in accordance with standard operating procedures.

In Count XVI, Plaintiff claims that he received harsher treatment at his disciplinary hearings by Defendants Toms and Holmes.  Plaintiff alleges that Defendants Fewell and Patrick would let white inmates out of segregation sooner even though they had violent write-ups and Plaintiff did not.  Plaintiff alleges discrimination based on his race.  The Report shows that Plaintiff has failed to exhaust his administrative remedies with respect to this claim and the records do not appear to contain any grievance on this issue.  However, disciplinary records from 2018 and 2019 reflect Plaintiff received due process in his hearings and was sanctioned appropriately and in accordance with facility procedures.

The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims." *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491,

493 n. 3 (10th Cir. 1983)).  The Court has examined the commendably thorough *Martinez* Report and is considering the dismissal of this action.  The Report shows that Plaintiff's claims are either unexhausted or fail to state a claim for relief.  Plaintiff will be given an opportunity to respond to the *Martinez* Report and to show good cause why dismissal should not be entered.

**IT IS THEREFORE ORDERED BY THE COURT** Plaintiff is granted until **February 17, 2022**, in which to respond to the *Martinez* Report at Doc. 34 and to show good cause why his claims should not be dismissed.

**IT IS SO ORDERED.**

**Dated January 25, 2022, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**