In The United States District Court
For The District Of Kansas

Durayl Tyree Vann,
　　　　Plaintiff
V.                                        Case No. 20-3200-SAC
Jeffrey Fewell, et al.,
　　　　Defendants

## Plaintiff's Motion to Compel to Produce

Comes now Plaintiff, Durayl Vann, pro-se and moves this Honorable Court to compel Wyandotte County Sheriff Office to produce any and all mental health documentation pertaining to Durayl Tyree Vann (plaintiff) including all notes from Mental Health personel and/or Staff who performed "Wellness Checks." –

[ Wellness Checks being defined as " Any Mental Health staff or personel who, upon entering the housing Units/pods, did "cell to cell" checks or "one on one" inquiries inquiring about the mental well-being of inmates who were housed in Wyandotte County Jail. ]

In support of this motion the Plaintiff offers the following as listed below;

　　1) Plaintiff contends that no such documentation was included in the Martinez Report that was produced by defendants in the above encaptioned case. Plaintiff

believes that such documentation should have been included into, and as part of, the Martinez Report for various reasons pertaining to the filed complaints mentioned in the above captioned case. Such documentation not only shows certain time frames in which mental mind states were created but, also what mental mind states or mental conditions were created as a result of the incidents listed in said filed complaint # 20-3200-SAC, including but not limited to such mental conditions like fear, emotional stress, flight or fight responses, fear of death, etc. ie Mind states that very well must be discussed when pertaining to the incidents alleged in plaintiff's complaints against defendants.

2) Plaintiff declares that Mental Health staff did interact with plaintiff during "Wellness Checks."

3) Plaintiff contends that during these "Wellness checks" Mental Health staff did take notes pertaining to the discussions and dialogue that took place between plaintiff and Mental Health staff during these times of interaction.

4) Plaintiff contends that the contents in the documentation recorded by Mental Health Staff (ie. personal complaints, notes, mental mindstate of fear documentation, etc.) are imperative to, and as, supportive evidence of plaintiffs' mental mindstates that were created in result of the many incidents mentioned/documented in plaintiffs complaint case NO: 20-3200-SAC. Plaintiff believes that the requested documentation should have been included in the "Martinez Report" and therefore seek the

courts to compel to produce said requested documentation as part of the Martinez Report before ordering plaintiff's Motion of Opposition due date of February 17, 2022; Whereas such said documentation would be accessible to plaintiff before ordered due date of February 17, 2022.

3) Furthermore, Plaintiff believes that such documentation is and will be needed before he can file a Motion of Opposition so that such documentation can be included in a Motion of opposition; that is to be filed before the courts in a timely manner. Plaintiff wishes to include the contents of requested documentation into the Motion of Opposition that the Honorable Courts have ordered plaintiff to file for show of good cause.

Wherefore Plaintiff humbly request the Honorable Courts to entertain said motion whereas plaintiff may have such imperative documentation available and accessible to him, in which such contents of the requested documentation may not only be included in plaintiffs' Motion of Opposition but, also for any further usage that can be implied ~~pertaining to the~~ pertaining t above encaptioned case.

Respectfully; Humbly Submitted,
Durayl Vann #76997
L.C.F
P.O. Box 2
Lansing, KS 66043

Certificate of Service

I, Durayl Vann, hereby certify that this original document was scribed by me on February 5, 2022 and was E-filed to the District Court of Kansas on February 6, 2022
X Durayl Vann #76997