IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DURAYL TYREE VANN,**

    **Plaintiff,**

    v.              CASE NO. 20-3200-JWL-JPO

**JEFFREY FEWELL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's Motion to Request Appointed Counsel (Doc. 69). Plaintiff seeks the appointment of counsel, arguing that he is indigent, he is a "lay-person of the law," and the issues in this case are complex. (Doc. 69, at 1–2.)

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

1

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling at a later stage of the proceedings.

The Court notes that several of the summons issued in the case were returned unexecuted, with a notation indicating that the defendant no longer works at the facility. *See* Docs. 59 through 66. The summonses for Defendants J. Patrick, John Doe, Larry Roland, Donald Ash, Jeffrey Fewell, (fnu) Schuler, Sarah Toms, and (fnu) Mesner, were returned as undeliverable. *Id*. Because some of these defendants were involved in the preparation of the *Martinez* Report at Doc. 34, the Court will ask counsel for the Wyandotte County Jail Sheriff, as Interested Party, to provide any last known addresses for these defendants to the Court, under seal, for the sole purpose of using those addresses for service of process. Plaintiff should also provide the Court with any addresses he may have for any of the unserved defendants.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Request Appointed Counsel (Doc. 69) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that counsel for the Wyandotte County Sheriff is asked to provide the Court with any last know addresses for the unserved defendants by **November 18, 2022.** The addresses should be provided under seal, and will be used for the sole purpose of service of process.

**IT IS SO ORDERED.**

**Dated November 10, 2022, in Kansas City, Kansas.**

<u>S/ James P. O'Hara</u>
JAMES P. O'HARA
UNITED STATES MAGISTRATE JUDGE