**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DURAYL TYREE VANN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CASE NO:  20-3200-SAC |
| | ) |
| **JEFFREY FEWELL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**COMES NOW** Defendants', and in accordance with D. Kan. Rule 7.1(a), sets forth the following arguments and authorities in support of their Motion to Dismiss. (Doc. 88).

**I.    Nature of the Case**

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against various employees of the Wyandotte County Jail ("WCJ') where he is currently incarcerated. The Court granted Plaintiff leave to proceed in forma pauperis on July 27, 2020.  On August 10, 2021, the Court entered a Memorandum and Order [DOC. 16] dismissing Counts I, III, IV, VII, XI and XIII of Plaintiff's Amended Complaint, and ordering the officials responsible for the operation of the WCJ to prepare a Martinez Report regarding Counts II, VI, VIII, IX, XII, XIV, XVI, and the claim in Count X regarding incidents occurring in 2019.  The Memorandum and Order provided that once the report has been received, the Court could properly screen Plaintiff's claims under 28 U.S.C. § 1915.  In addition, the Court dismissed Counts V and XV on September 3, 2021. [DOC. 19]

The Martinez Report was filed on January 14, 2022.  [DOC. 34] The Court screened Plaintiff's Amended Complaint considering the Report, which included video-taped footage, filed

1

conventionally and under seal. Plaintiff was ordered to respond and show good cause why his claims should not be dismissed. [DOC. 36] Plaintiff filed a Response [DOC. 44] to the Martinez Report disputing the contents of the Martinez Report and maintaining his version of the events and the allegations set forth in his Amended Complaint. Because Plaintiff disputed the contents of the Report, the Court ordered officials at the WCJ to appear at Lansing Correctional Facility and show Plaintiff the entirety of the videos as they relate to his claims. [DOC. 45] The Court ordered Plaintiff to review the videos, and then supplement his response to show cause why the case should not be dismissed. [DOC. 45]

Defense counsel appeared at Lansing Correctional Facility on two separate occasions to show Plaintiff the video recordings. [DOC. 46] Plaintiff, despite being caught providing misleading information to the Court, was granted until August 3, 2022 to show cause why the case should not be dismissed. [DOC. 54] Plaintiff never responded to the Court's order. The cause was transferred on August 1, 2022 and the Court, subsequently found that the cause survived screening and ordered summons be issued. [DOC. 56] All Defendants have been served but Defendant Don Ash.

Defendants argue this case should be dismissed for several reasons. The Complaint does not demonstrate sufficient facts to establish that the conduct of the Defendants violated clearly established law or a Constitutional violation, and thus each Defendant is entitled to qualified immunity. In addition, Plaintiff has failed to properly plead and demonstrate exhaustion of administrative remedies. For these reasons, the case should be dismissed in its entirety.

**II.   Argument & Authorities**

**A.   F.R.C.P. 12(b)(6).** Dismissal is proper under this rule when the factual allegations in a complaint fail to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007).  Facial plausibility exists when a plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "Under this standard, the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (citing *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Although "the plausibility standard is not akin to a probability requirement, the complaint must demonstrate more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  A plausible claim for relief requires "enough facts to raise a reasonable expectation that discovery will reveal evidence" to support the claim.  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct."  *Twombly*, 550 U.S. at 556.  If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed.  *Twombly*, 550 U.S. at 556

"Conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, at 555.  Rather, he "must explain what each defendant did to the plaintiff, when the defendant did it, how the defendant's action harmed the plaintiff, and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court should ordinarily accept all the well-pleaded allegations of the complaint as true and should construe them in the light most favorable to Plaintiff. However, the Court has discretion to consider materials outside the pleadings on a motion to dismiss. *McLinn v. Thomas Cnty. Sheriff's Dep't*, 535 F. Supp. 3d 1087, 1096 (D. Kan. 2021) citing *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998) and should consider the Martinez Report and Exhibit A, as further discussed below.

**B.     42 U.S.C. § 1983**

Plaintiff brings this case pursuant to 42 U.S.C. § 1983. (Doc. # 13). To state a claim for relief under Section 1983, Plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a §1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. It is also well settled that §1983 liability can only be imposed upon those defendants whose own individual actions cause a constitutional deprivation. *Dodds v. Richardson*, 614 F.3d 1185, 1200 (10th Cir. 2010).

Claims of mistreatment while in state pretrial confinement are not covered by the Fourth Amendment or the Eighth Amendment. *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019). They are assessed under the Fourteenth Amendment. *Id*. The Supreme Court held in *Kingsley v. Hendrickson* that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one" and that therefore "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a

4

legitimate governmental objective or that it is excessive in relation to that purpose." B*rown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020) *Kingsley v. Hendrickson,* 576 U.S. 389 (2015).

**C.      28 U.S.C. §1915A(b)**

A district court shall still dismiss a prisoner complaint after the initial review if it finds the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) Seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A(b). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The factual allegations "must be enough to raise a right to relief above the speculative level" and cannot "merely create a suspicion of a legally cognizable right of action." *Id*. In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When evaluating whether the Complaint states a claim and in light of the requirements of 28 U.S.C. §1915A(b), the Court should consider the Martinez Report and the video camera footage filed conventionally and under seal as Exhibit A as it fully depicts the events of the use of force and blatantly contradicts Plaintiff's allegations of misconduct and harm. *Est. of Ronquillo by & through Est. of Sanchez v. City & Cty. of Denver*, 720 F. App'x 434 (10th Cir. 2017)(considering the grant of a motion to dismiss, stating "we accept as true Plaintiff's allegations except when directly contradicted by the attached exhibits—in this case the video of the incident); *Albers v. Jenison*, 2018 WL 5311862, at *1 (D. Kan. Oct. 26, 2018)(video considered); *Choate v. City of Gardner, Kansas*, 2016 WL 2958464, at *3 (D. Kan. May 23, 2016) (considered videos).  Under

the circumstances, the Court is not obligated to accept any allegations against Defendants in this case or construe any such facts in a light favorable to Plaintiff.  Based on the Martinez Report and the corresponding exhibits, it is clear that this action in frivolous, the Defendants are entitled to immunity, and the cause should be dismissed pursuant to this provision of the Prison Litigation Reform Act.

**D.     Qualified Immunity**

A Defendant who is sued in his individual capacity may assert the doctrine of qualified immunity – which is not an affirmative defense, rather, it provides for immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  To overcome a qualified immunity defense, "a plaintiff must show (1) facts demonstrating the officials violated a federal constitutional or statutory right, which (2) was clearly established at the time of the defendant's conduct." *Id.*  A qualified immunity defense succeeds if a Plaintiff fails to establish either element. *Kerns v. Bader*, 663 F.3d 1173, 1180 (10th Cir. 2011).

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Cox v. Wilson,* 971 F.3d 1159, 1171 (10th Cir. 2020). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear' that *every* `reasonable official would have understood that what he is doing violates that right." *Frazier v. Evans,* 992 F.2d 1003 (10th Cir. 2021)

Ordinarily, to make such a showing of clearly established law, the Plaintiff must point to a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains. *Callahan v. Unified Gov't of Wyandotte Cnty.,* 806 F.3d 1022, 1027 (10th Cir. 2015).  Typically, the precedent must

6

have clearly established the right "in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna,* 577 U.S. 7 (2015).

A public official or employee is entitled to qualified immunity unless "clearly established" federal rights of which a reasonable person would have known are shown to have been violated. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). This assertion results in a presumption of immunity. *Est. of Taylor v. Salt Lake City*, 16 F.4th 744, 757 (10th Cir. 2021). Immunity at this stage is proper where Plaintiff has failed to allege facts showing Defendants violated his constitutional rights. In addition, Plaintiff has failed to allege facts showing Defendants violated clearly established law of which a reasonable officer would have known. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). Plaintiff's complaint must include all factual allegations necessary to sustain a conclusion that defendant violated clearly established law. *Currier v. Doran*, 242 F.3d 905, 912 (10th Cir. 2001). The factual allegations must be "specific" and "non-conclusory," and sufficient for a district court to determine that those facts, if proved, demonstrate the defendant is not entitled to qualified immunity. *Id.*

Since qualified immunity is raised in this 12(b) motion, Plaintiff carries the burden of establishing that Defendants violated clearly established law. *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1337 (10th Cir. 2000). He must allege facts which show the Defendant's conduct violated a clearly established right. *Id.* (quoting *Breidenbach v. Bolish*, 126 F.3d 1288, 1291 (10th Cir. 1997). All the Defendants are sued in their individual capacities and are entitled to quailed immunity as Plaintiff cannot provide any cases on point to demonstrate that the conduct complained of was contrary to clearly established law at the time of the occurrence.

E.     **Failure to Exhaust Administrative Remedies pursuant to 42 U.S.C. § 1997e(a)**

The Prison Litigation Report Act (PLRA) requires that prisoners exhaust all available administrative remedies before filing suit in court. In order to "exhaust" all the remedies, each claim must be raised in the grievance process and against each Defendant the prisoner wants to raise the claim against.

42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted." *Booth v. Churner*, 531 U.S. 956 (2001) The United States Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court. *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Exhaustion under Section 1997e(a) is a pleading requirement imposed upon the prisoner plaintiff. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). A complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted. *Id*.

To satisfy the PLRA's exhaustion requirement, a prisoner must do more than simply allege he has exhausted his administrative remedies. *Id.* The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome." *Id.* The Tenth Circuit has also determined that "total" exhaustion is required. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188,-89 (10th Cir. 2004). Under the total exhaustion prerequisite, plaintiff must have presented each and every claim raised in his complaint by way of the available prison administrative grievance procedures, or the entire complaint is subject to being dismissed without prejudice. This generally means he must have referred to the named defendants and described allegedly wrongful actions by each of them in his grievances.

Plaintiff's Amended Complaint does not come close to meeting this standard and only provides generic or conclusory statements. [DOC. 13, pg. 27] Further, Plaintiff makes no statement regarding filing a claim Clerk of the Unified Government of Wyandotte County/Kansas City Kansas. As the funding entity for the Sheriff's Office, this is the only administrative way to assert a claim for monetary damages against the Sheriff's Office. Plaintiff filed no claims with the Unified Government related his allegations in his Complaint from 2018 and 2019 prior to filing suit, nor has he has pled any specificities to demonstrate exhaustion or attached such documentation to his amended Complaint [DOC. 13, pg. 27]. The PLRA requires exhaustion of all remedies. Since Plaintiff failed to properly exhaust all his available remedies, his Complaint should be dismissed.

### III. All Defendants and Claims Should be Dismissed

**A.   Count II.**  The Court summarized this claim as follows:

"Vann claims in Court II of his Amended Complaint that Defendants Lobner, Schuler, and Deputy John Doe used excessive force and assaulted Plaintiff in 2018. Plaintiff Vann alleges that the specific date and time of this incident is documented in his grievances. Plaintiff also alleges that these officers denied him medical care for the injuries he sustained." [DOC. #16, Pg. 5]

The conduct of which Plaintiff complains, as reflected in the video footage (Exhibit A to the Martinez Report) is insufficient to establish a constitutional violation that was clearly established law at the time of the defendant's conduct, and thus Defendants Lobner and Schuler are entitled to qualified immunity and the claims against them should be dismissed.

**B.   Count IV.**  The Court summarized this claim as follows:

"In Count VI, Plaintiff alleges that Defendant Mesner denied Plaintiff medical assistance in 2018 when he was experiencing chest pains, numbness of limbs, headache and slurring of speech. Plaintiff alleges that he lost consciousness and was beaten and dragged down a flight of stairs by Defendants Lobner, Schuler, and John Doe. Plaintiff alleges that the exact date of this incident is set forth in his grievances. It appears as though Count II and Count VI may be based on the same incident." [DOC. #16, Pg. 5-6]

The conduct of which Plaintiff complains, as reflected in the video footage (Exhibit A to

the Martinez Report) is insufficient to establish a constitutional violation that was clearly established under law at the time of the defendant's conduct, and thus Defendants are entitled to qualified immunity and the claims against them should be dismissed.

**C.     Count VIII.**  The Court summarized this claim as follows:

"In Count VIII, Plaintiff alleges that Defendant Toms, D.H.O. and head of classifications, sentenced Plaintiff in 2018 to segregation for seeking the aid of medical nurses for chest pains. Plaintiff alleges that he was kept in segregation longer than normal to hide his injuries. Plaintiff alleges that he was denied due process at his disciplinary hearing and Defendant Toms retaliated against Plaintiff for filing grievances." [DOC. #16, Pg. 6]

The conduct of which Plaintiff complains is insufficient to establish a constitutional violation that was clearly established under law at the time of the defendant's conduct, and thus Defendant is entitled to qualified immunity and the claims against her should be dismissed.

**D.     Count IX.**  The Court summarized this claim as follows:

"In Count IX, Plaintiff alleges that Defendant Reid denied Plaintiff his food tray on several occasions and denied Plaintiff medical assistance, showers, clean clothing and recreation on a regular and consistent basis in retaliation for Plaintiff filing grievances against her." [DOC. #16, Pg. 6]

Plaintiff failed to exhaust his administrative remedies with respect to this claim against Defendant Reid.  His pleading is devoid of any statements or proof of how he attempted to resolve this claim with administration prior to filing suit.  In addition, the conduct that he complains of is generic, conclusory, and insufficient to establish a constitutional violation, or that such conduct was contrary to clearly established law at the time of occurrence, and thus Defendant Reid is entitled to qualified immunity and the claims against her should be dismissed.

**E.     Count XII.**  The Court summarized this claim as follows:

"In Count XII, Plaintiff claims that Defendant Patrick retaliated against Plaintiff for filing grievances by keeping him in long-term segregation without any write-ups or justification, ceasing all of Plaintiff's incoming and outgoing mail, confiscating all of Plaintiff's hygiene products, denying Plaintiff access to the law library and the courts, and continuing to harm Plaintiff physically and mentally. Plaintiff alleges that Defendant Patrick threatened to leave Plaintiff in segregation "until he rots" unless Plaintiff ceased writing up his officers and writing the media. Plaintiff alleges that Defendant Patrick threatened to hurt Plaintiff and get away with it while Plaintiff was in segregation and to kill Plaintiff when he

sees Plaintiff on the streets. Plaintiff alleges that he feared for his life. Plaintiff's grievance alleges that this occurred around October of 2019. (Doc. 14–1, at 40)" [DOC. #16, Pgs. 6-7]

Plaintiff failed to exhaust his administrative remedies with respect to this claim and his complaints about Defendant Patrick. In addition, the conduct that he complains of is insufficient to establish a constitutional violation, or that any of the actions complained of were clearly contrary to established law on the date of occurrence, and thus Defendant Patrick is entitled to qualified immunity and the claims against him should be dismissed.

**F.  Count XIV.**  The Court summarized this claim as follows:

"In Count XIV, Plaintiff claims that Defendants Roland and Ash failed to take action to prevent the abuses being committed by staff at the WCJ after they were made aware of the abuses." [DOC. #16, Pg. 7]

Plaintiff failed to exhaust his administrative remedies with respect to this claim and the conduct that he complains of is generic, conclusory, and insufficient to establish a constitutional violation that was clearly established under law and thus Defendants are entitled to qualified immunity and the claims against them should be dismissed.

**G.  Count XVI.**  The Court summarized this claim as follows:

"In Count XVI, Plaintiff claims that he received harsher treatment at his disciplinary hearings by Defendants Toms and Holmes. Plaintiff alleges that Defendants Fewell and Patrick would let white inmates out of segregation sooner even though they had violent write-ups and Plaintiff did not. Plaintiff alleges discrimination based on his race." [DOC. #16, Pg. 8]

Plaintiff failed to exhaust his administrative remedies with respect to this claim and the conduct that he complains of is generic, conclusory, and insufficient to establish a constitutional violation that was clearly established under law, and thus Defendants are entitled to qualified immunity and the claims against them should be dismissed.

**H.  Count X.**  The Court summarized this claim as follows:

"The Court dismissed the claim in Count X based on Plaintiff's placement in an unsanitary cell in 2015. Count X also contains a claim that on October 18, 2019, Defendant Fewell ordered Plaintiff to be moved to another unfit cell—B2 #04. Plaintiff alleges that the toilet was broken and contained

11

feces and urine filled to the brim and overflowing for several days. Plaintiff alleges that the floors and walls were covered in black mold and fungus and the sink did not work. Plaintiff alleges that this was done in retaliation for Plaintiff filing grievances and talking to a camera crew that was filming a documentary. Plaintiff also alleges that Defendant Fewell blatantly refused to inform Plaintiff of the death of his mother for several days after Plaintiff's family members informed staff of the death. This prevented Plaintiff from burying his mother in accordance with their religious and spiritual beliefs and Plaintiff was forced to cremate his mother." [DOC. #16, Pg. 6]

Plaintiff failed to exhaust his administrative remedies with respect to this claim and the conduct that he complains of is generic, conclusory, and insufficient to establish a constitutional violation that was clearly established under law, and thus Defendants are entitled to qualified immunity and the claims against them should be dismissed.

**Conclusion**

The claims should be dismissed against all Defendants as their conduct did not violate a clearly established law or right at the time of occurrence and thus, they are all entitled to qualified immunity, and or Plaintiff failed to properly plead and exhaust his administrative remedies.

Respectfully Submitted,

/s/     Joni Cole
**Joni Cole, KBN 24798**
**Unified Government Legal Department**
701 N. 7th Street, 9th Floor
Kansas City, Kansas 66101
Ph:  913-573-5069
Email: jscole@wycokck.org

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March, 2023, the above and foregoing was filed with the clerk of the court using the CM/ECF electronic filing system, and that a hard copy of the same was served via interfacility mail to the following:

Durayl Tyree Vann
710 N. 7th Street, F-3
Wyandotte County Detention Center
Kansas City, Kansas  66101

/s/     Joni Cole
**Attorney for Defendants**