IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DURAYL TYREE VANN,                      )
                                        )
          Plaintiff,                    )
                                        )
v.                                      )          CASE NO:  20-3200-SAC
                                        )
JEFFREY FEWELL, et al.,                 )
                                        )
          Defendants.                   )

<u>DEFENDANTS' MOTION TO STAY DISCOVERY</u>

**COMES NOW**, Defendants', by and through undersigned counsel, and request an order

staying all discovery in this case and other related proceedings until the Court rules on Defendants'

Motion to Dismiss [DOCS. 88, 89], which is incorporated by reference.

**I.     BACKGROUND**

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against various

employees of the Wyandotte County Jail ("WCJ') where he is currently incarcerated. The Court

granted Plaintiff leave to proceed in forma pauperis on July 27, 2020.  On August 10, 2021, the

Court entered a Memorandum and Order [DOC. 16] dismissing Counts I, III, IV, VII, XI and XIII

of Plaintiff's Amended Complaint, and ordering the officials responsible for the operation of the

WCJ to prepare a Martinez Report regarding Counts II, VI, VIII, IX, XII, XIV, XVI, and the claim

in Count X regarding incidents occurring in 2019.  The Memorandum and Order provided that

once the report had been received, the Court could properly screen Plaintiff's claims under 28

U.S.C. § 1915.  In addition, the Court dismissed Counts V and XV on September 3, 2021.  [DOC.

19]

The Martinez Report was filed on January 14, 2022.  [DOC. 34] The Court screened

Plaintiff's Amended Complaint considering the Report, which included video-taped footage, filed

conventionally and under seal.  Plaintiff was ordered to respond and show good cause why his claims should not be dismissed. [DOC. 36] Plaintiff filed a Response [DOC. 44] to the Martinez Report disputing the contents of the Martinez Report and maintaining his version of the events and the allegations set forth in his Amended Complaint.  Because Plaintiff disputed the contents of the Report, the Court ordered officials at the WCJ to appear at Lansing Correctional Facility and show Plaintiff the entirety of the videos as they relate to his claims.  [DOC. 45]  The Court ordered Plaintiff to review the videos, and then supplement his response to show cause why the case should not be dismissed.  [DOC. 45]

Defense counsel appeared at Lansing Correctional Facility on two separate occasions to show Plaintiff the video recordings.  [DOC. 46] Plaintiff, despite being caught providing misleading information to the Court, was granted until August 3, 2022 to show cause why the case should not be dismissed.  [DOC. 54] Plaintiff never responded to the Court's order.  The cause was transferred on August 1, 2022 and the Court, subsequently found that the cause survived screening and ordered summons be issued.  [DOC. 56] All Defendants have been served but Defendant Don Ash.

Defendants argue this case should be dismissed for several reasons.  The Complaint does not demonstrate sufficient facts to establish that the conduct of the Defendants violated clearly established law or a Constitutional violation, and thus each Defendant is entitled to qualified immunity.  In addition, Plaintiff has failed to properly plead and demonstrate exhaustion of administrative remedies.

## II.      LEGAL STANDARD

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); see also *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)). This District's longstanding policy is not to stay discovery simply because a party files a dispositive motion. See *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). "A stay may be appropriate, however, if (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 1650270, at *2 (D. Kan. Apr. 27, 2021) (internal quotations omitted).

The fourth consideration—immunity—is a "separate and distinct basis for staying discovery." *G.D. v. Lansing Unified Sch. Dist. #469*, No. 18-2243-HLT, 2018 WL 4057494, at *1 (D. Kan. Aug. 27, 2018); *Stewart v. City of Prairie Vill.,* Kan., No. 2:12-CV-02185-JAR, 2012 WL 5266113, at *1 (D. Kan. Oct. 24, 2012) ("Thus, it is well established that a separate and distinct basis for staying discovery exists when a defendant asserts an immunity defense in the form of a dispositive motion. The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.").

III.   ARGUMENT

All of the foregoing elements are met.  It is likely that the Motion to Dismiss will end this case.  Plaintiff has responded to the Motion to Dismiss [DOC. 90] but has failed to meet his burden

in citing relevant case law directly on point with facts analogous to his claims to establish that the conduct complained of was unconstitutional and clearly illegal at time it occurred.  In addition, a comprehensive Martinez investigation was conducted and the report, camera footage, affidavits and official facility documentation were filed with the Court.  [DOC. 34]  Further discovery will not yield anything which has not already been brought forward to the Court and the Plaintiff, and likewise, will not affect the ruling on the Motion to Dismiss as the Complaint fails on the very clearly established legal grounds of immunity and failure to exhaust administrative remedies.

It would be inefficient to move forward without the resolution of the immunity issue which will likely be dispositive in this matter given the precedent that was cited in Defendants' Memorandum [DOC. 89] and the response from Plaintiff [DOC. 90] which made no attempt to provide any case law directly on point in support of his claims.  It would be burdensome to a local government with very limited resources to engage in discovery that is unlikely to affect the outcome of the cause.

**WHEREFORE**, Defendants' respectfully request that this Court enter its order staying discovery in this matter pending the ruling on their motion to dismiss and for other and further relief that the Court deems just and appropriate in the circumstances.

Respectfully Submitted,
**UNIFIED GOVERNMENT**
**LEGAL DEPARTMENT**

/s/_____Joni Cole_____
**Joni Cole, KBN 24798**
**Legal Advisor to the Sheriff**
701 N. 7th Street, 9th Floor
Kansas City, Kansas 66101
Tel:  913-573-5069
Fax:  913-573-2972
Email: jscole@wycokck.org
**Attorney for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2023, the above and foregoing was filed with the clerk of the court using the CM/ECF electronic filing system, and that a hard copy of the same was served via interfacility mail to the following:

Durayl Tyree Vann
710 N. 7th Street, F-3
Wyandotte County Detention Center
Kansas City, Kansas  66101


/s/      Joni Cole
**Attorney for Defendants**