**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DURAYL TYREE VANN,

Plaintiff,

v.

JEFFREY FEWELL, in his individual capacity, (fnu) REID, in her individual capacity, ABRAHAM MESLER, in his individual capacity, (fnu) LOBNER, in his individual capacity, (fnu) SCHULER, in his individual capacity, CHARLES PATRICK, in his individual capacity, JOHN DOE, in his individual capacity, SARA TOMS, in her individual capacity, LARRY ROLAND, in his individual capacity, DONAL ASH, in his individual capacity, and WYANDOTTE COUNTY JAIL SHERIFF.

Defendants.

Case No. 20-3200-JAR-GEB

**MEMORANDUM AND ORDER**

*Pro se* Plaintiff brings this case against multiple individual Defendants for injuries he allegedly suffered while incarcerated at the Wyandotte County Jail. This matter is before the Court on Defendants' Motion to Stay Discovery, ("Motion") **(ECF No. 92),** pending a decision on their Motion to Dismiss. **(ECF No. 88).** After consideration of Defendants' Motion and Plaintiff's Response **(ECF No. 90),** the Court **GRANTS** Defendants' Motion and **ORDERS** a stay of discovery until the District Judge rules on Defendants' Motion to Dismiss.

Plaintiff also filed his third motion for appointment of counsel on April 3, 2023.[1] **(ECF No. 94).** For the reasons set forth herein, Plaintiff's motion is **DENIED** without prejudice.

## I. Procedural Background

Plaintiff first filed this case on July 24, 2020, while simultaneously filing a motion to proceed *in forma pauperis*.[2] On December 21, 2020, the court issued an order to show cause regarding Plaintiff's claims occurring prior to 2015.[3] As a result, Plaintiff filed an amended complaint on January 26, 2021, which consists of sixteen separate counts.[4]

Pursuant to 28 U.S.C. § 1915A, the court dismissed six of Plaintiff's claims on August 10, 2021.[5] The court also granted Plaintiff the opportunity to show good cause why Count XV should not be dismissed for failure to state a claim and ordered the preparation of a *Martinez* Report.[6] Despite Plaintiff's Response[7] to the court's August 10, 2023 order, the court found Plaintiff failed to state viable claims and dismissed Counts V and XV of Plaintiff's Amended Complaint.[8]

On March 10, 2023, Defendants moved to dismiss the remaining counts in the Amended Complaint based upon three arguments: 1) Plaintiff failed to state a claim upon which relief can be granted; 2) Defendants are entitled to qualified immunity; and, 3)

---

[1] *See* ECF Nos. 26, 69.
[2] ECF Nos. 1, 2.
[3] ECF No. 9.
[4] ECF No. 13.
[5] *See* ECF No. 16 dismissing Counts I, III, IV, VII, XI, XIII, and that portion of Count X relating to placement in a cell during 2015.
[6] *Id.*
[7] ECF No. 18.
[8] ECF No. 19.

Plaintiff failed to exhaust administrative remedies.[9] Plaintiff filed his response to the motion to dismiss on March 20, 2023, and the motion remains pending.[10]

Defendants filed the instant motion requesting a stay of discovery until a ruling is issued on the motion to dismiss because, they argue, 1) it is likely the motion to dismiss will end this case; 2) the facts sought through discovery will not affect resolution of the dispositive motion; 3) discovery on all issues would be burdensome; and, 4) the dispositive motion raises issues as to the Defendants' immunity from suit.[11] Plaintiff opposes the Motion.[12]

The Court first considers Plaintiff's motion for appointment of counsel, filed on April 3, 2023.[13]

## II. Analysis

### a. Appointment of counsel

Parties who are permitted to proceed *in forma pauperis* are subject to 28 U.S.C. § 1915(e)(1), which provides discretionary authority for the court to "request an attorney to represent any person unable to afford counsel."[14] Nevertheless, there is no constitutional right to counsel in a civil case.[15] The court has broad discretion when contemplating a motion to appoint counsel and considers: 1) "the merits of the litigant's claims; 2) the nature

[9] ECF No. 88.
[10] ECF No. 90.
[11] ECF No. 92.
[12] ECF Nos. 92, 93.
[13] ECF No. 94
[14] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[15] *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989).

and complexity of the factual and legal issues; and, 3) the litigant's ability to investigate the facts and present the claims."[16] The party requesting appointment of counsel under § 1915(e)(1) has the burden "to convince the court" that his claims have "sufficient merit to warrant the Court requesting an attorney to represent the movant."[17] It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."[18]

Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[19] but consideration of the Court's growing docket, the increase in *pro se* filings, and the limited number of attorneys willing to accept appointment is also paramount.[20]

Plaintiff argues counsel should be appointed because he is unable to obtain the video footage identified in the *Martinez* report, there are several defendants named in this complex case, and he is a lay person.[21]

After thoughtful consideration, the Court declines to appoint counsel to represent Plaintiff at this time. The Court is not convinced Plaintiff has satisfied the three prongs of *Hill*. At this stage, the Court is unable to fully evaluate the merits of Plaintiff's claims given the information presented in his Amended Complaint. Additionally, despite Plaintiff's

---

[16] *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir.2004) (citing *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir.1995)).
[17] *Id.*
[18] *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill*, 393 F.3d at 1115).
[19] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).
[20] *Jackson,* 2014 WL 494789, at *3.
[21] ECF No. 94.

arguments, his case does not appear unusually complex. He has argued no reason why he is unable to adequately present his case without assistance. Plaintiff has shown no special circumstances, such as mental or physical impairment, which would indicate he is unable to adequately present his claims or investigate the underlying facts.[22] His pleadings and motions appear well-formulated, organized, and coherent.

With regard to Plaintiff accessing the video referenced in the *Martinez* report, the court previously ordered Defendants to make arrangements with the Kansas Department of Corrections for Plaintiff to view the video prior to the filing of any dispositive motion.[23] On May 24, 2022, the court also ordered the Wyandotte County Sheriff to make arrangements for Plaintiff to view the video referenced in the *Martinez* report and gave officials until June 10, 2022 to do so.[24] Plaintiff viewed the video on June 1, 2022, and again on June 8, 2022.[25] As such, Plaintiff's allegation he is unable to access the video footage absent appointed counsel is without merit.

The Court recognizes "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[26] as the case progresses. Delaying a decision to appoint counsel allows the Court to obtain more information about both the merits of Plaintiff's claims and his ability to present this case to the Court.[27] Although "a court may

[22] *Smith v. Phamm*, No. 03-3451-SAC, 2008 WL 631263, at *3 (D. Kan. Mar. 5, 2008) *Also see Hill,* 393 F.3d at 1115.
[23] ECF No. 31.
[24] ECF No. 45.
[25] ECF No. 46.
[26] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).
[27] *Id*.

well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[28]

Under the circumstances, the factors weigh against seeking an attorney to represent Plaintiff at this time. Therefore, the motion for appointment of counsel shall be **DENIED** without prejudice, which allows for Plaintiff to file a similar motion at a later time.

**b. Stay of discovery**

Normally, this District's policy is to move forward with discovery despite a pending dispositive motion.[29] However, a stay may be appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit."[30] Defendants argue all four factors weigh in favor of a stay of discovery.[31]

The Court first examines whether this case is likely to be finally concluded via the dispositive motion. The Court is not prepared to consider the likelihood Defendants' motion to dismiss will be granted. However, the motion to dismiss seeks dismissal of all

---

[28] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).
[29] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).
[30] *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan.1990).
[31] ECF No. 92.

Plaintiff's remaining claims. Should the District Judge grant the motion to dismiss, it would be a final conclusion to this case. The Court finds this factor is neutral.

The second factor the Court considers is whether the facts sought through discovery would affect the resolution of the dispositive motion. In this case, Defendants raise legal arguments regarding qualified immunity and exhaustion of administrative remedies. "Discovery is generally not necessary to counter an immunity claim on a motion to dismiss because a plaintiff may rest on facts as alleged in the pleadings."[32] Further, Plaintiff's response to Defendants' Motion to Stay Discovery does not argue discovery is necessary for the court to rule on the motion to dismiss, nor does he argue discovery is necessary in his response to the motion to dismiss.[33] This factor weighs in favor of a stay.

The Court finds discovery on all issues presented in the Amended Complaint would be wasteful and burdensome. First, due to the filing of the *Martinez* report and corresponding exhibits, Plaintiff has previously viewed or is in possession of at least some of the discovery he is likely to obtain in connection with this case. Additionally, should the District Court grant even a partial dismissal, proceeding with discovery on those dismissed counts would be wasteful. A ruling on the motion to dismiss would, at the very

---

[32] *Kehler v. Ward,* No. 21-3251-HLT-ADM, 2022 WL 6993001, at *2 (D. Kan. October 12, 2022) (internal quotation omitted) (citing *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *3 (D. Kan. March 8, 2019)); *see also McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *2 (D. Kan. Apr. 10, 2020) (staying all pretrial proceedings where the defendants raised immunity defenses in a dispositive motion and discovery was not necessary to decide the motion).
[33] ECF Nos. 90, 93.

least, clarify the issues, resolve which Defendants remain in the case, and better frame the remaining issues for discovery.[34] This factor weighs in favor of a stay.

The final factor is whether the dispositive motion raises issues as to a defendant's immunity from suit. In this case, the motion to dismiss raises qualified immunity issues.[35] Immunity is a "broad protection" that grants government officials "a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery."[36] Therefore, a defendant is generally entitled to have immunity questions resolved prior to being required to participate in discovery.[37] "Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit."[38] This factor weighs in favor of Defendants' request for a stay of discovery.

## III. Conclusion

After careful consideration of Defendants' Motion, the Court finds the relevant factors weigh in favor of a stay. Here, immunity is raised, facts sought through discovery would not affect the outcome of the pending dispositive motion, and discovery on all issues raised in the Amended Complaint would be wasteful and burdensome.

---

[34] *See Grissom v. Palm*, No. 19-3178-EFM-ADM, 2021 WL 147255, at *2 (D. Kan. Jan. 15, 2021) (granting motion to stay discovery pending a ruling on motion to dismiss because defendants raised threshold issues of immunity and because "a ruling on the motion to dismiss would, at a minimum, significantly clarify issues in the case, thereby making discovery efforts more efficient").
[35] ECF No. 88.
[36] *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (internal quotations omitted).
[37] *See Arnold v. City of Olathe, Kan.*, No. 18-cv-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).
[38] *Kehler v. Ward*, No. 21-3251-GKT-ADM, 2022 WL 6993001, at *2 (D. Kan. October 12, 2022) (citing *Siegert v. Gilley,* 500 U.S. 226, 232 (1991)).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery **(ECF No. 92)** is **GRANTED**. Following a decision on the pending Motion to Dismiss, if the matter proceeds in any fashion, the Court will promptly convene the parties for a status conference to address scheduling.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel **(ECF No. 94)** is **DENIED** without prejudice as to refiling.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 18th day of April 2023.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. MAGISTRATE JUDGE