IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DURAYL TYREE VANN,

    Plaintiff,

    v.

JEFFREY FEWELL, et al.,

    Defendants.

Case No. 20-3200-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff Durayl Tyree Vann, who proceeds pro se and in forma pauperis, brings this action against various employees of the Wyandotte County Jail ("WCJ") in their individual capacities, asserting claims under 42 U.S.C. § 1983 relating to his incarceration. On August 10, 2021, the Honorable Sam A. Crow entered a Memorandum and Order dismissing Counts I, III, IV, VII, XI, XIII, and the claim based on placement in a cell in 2015 in Count X of Plaintiff's Amended Complaint, and ordering the officials responsible for the operation of the WCJ to prepare a *Martinez* Report regarding Counts II, VI, VIII, IX, XII, XIV, XVI, and the claim in Count X regarding incidents occurring in 2019.[1] On September 3, 2021, Judge Crow entered a Memorandum and Order dismissing Counts V and XV of the Amended Complaint.[2] The surviving claims are against Defendants Jeffrey Fewell, (fnu) Reid, (fnu) Mesner, (fnu) Lobner, (fnu) Schuler, J. Patrick, John Doe, Sarah Toms, Larry Roland and Donald Ash. Before the Court is Defendants' Motion to Dismiss (Doc. 88) the remaining claims in this case. The motion

---

[1] Doc. 16.

[2] Doc. 19.

is fully briefed and the Court is prepared to rule. As described more fully below, the Court denies Defendants' motion to dismiss.

## I. Standards

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[3] and must include "enough facts to state a claim for relief that is plausible on its face."[4] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[5] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[6] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[7] Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[8]

Because Plaintiff proceeds *pro se*, some additional considerations frame the Court's analysis. The Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which applies to attorneys.[9] "Nevertheless, [Plaintiff] bears 'the burden of

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[4] *Id.* at 570.

[5] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[7] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[8] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[9] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted).

alleging sufficient facts on which a recognized legal claim could be based.'"[10] The Court may not provide "additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[11]

## II. Background

As part of his screening under 28 U.S.C. § 1915A, Judge Crow ordered a *Martinez* Report, which was filed on January 14, 2022.[12] It attaches several exhibits, including the officers' body camera footage from the October 28, 2018 incident upon which Counts II and VI are based, which was filed under seal. Judge Crow then screened Plaintiff's Amended Complaint in light of the Report, and ordered Plaintiff to respond and show good cause why his claims should not be dismissed because they are either unexhausted or fail to state a claim for relief, and gave Plaintiff an opportunity to respond to the Report.[13] Plaintiff filed a Response to the Martinez Report.[14]

After reviewing the response and the body camera videos, the court entered an Order on May 24, 2022,[15] finding that many of Plaintiff's claims stem from the incident occurring on October 28, 2018: Plaintiff alleges that he was denied medical care, staff used excessive force in dragging him from his cell and down the stairs to segregation, Plaintiff was improperly disciplined for the incident without due process, and Plaintiff was left in segregation longer to hide his injuries. The court ordered Plaintiff to show cause why these claims should not be

---

[10] *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[11] *Whitney*, 113 F.3d at 1174 (citing *Hall*, 935 F.2d at 1110).

[12] Doc. 34.

[13] Doc. 36 at 5.

[14] Doc. 44.

[15] Doc. 45.

dismissed, and directed the Wyandotte County Sheriff, as an interested party, to make arrangements for Plaintiff to view the videos in Exhibit A to the Report.

On June 10, 2022, counsel for the Sheriff filed a Certificate of Service indicating that Plaintiff viewed the videos on June 1, 2022, and again on June 8, 2022.[16]  Plaintiff acknowledged this by initialing each video as set forth in the Index to Exhibit A to the Report.[17]  Plaintiff was granted until August 3, 2022, to file a supplemental response to the *Martinez* Report,[18] but failed to do so.  The case was reassigned to the Honorable John W. Lungstrum, and on October 5, 2022, he found that Counts II, VI, VIII, IX, XII, XIV, XVI, and the claim in Count X regarding incidents occurring in 2019 in the Amended Complaint survived screening, and directed service on the remaining Defendants to proceed.  The pending motion to dismiss followed.

**III.     Discussion**

In their motion to dismiss, Defendants rely on the *Martinez* Report in arguing that Plaintiff's claims should be dismissed under Rule 12(b)(6).  If matters outside the pleadings are reviewed, the Court generally must convert a Rule 12(b)(6) motion to a Fed. R. Civ. P. 56 motion for summary judgment.[19]  However, the Court may consider documents that are attached as exhibits to the complaint, or documents that are referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.[20]  The Court cannot use the *Martinez* Report at the motion-to-dismiss stage to resolve factual disputes.[21]

---

[16] Doc. 46.

[17] Doc. 46-1.

[18] Docs. 45, 50, 54.

[19] Fed. R. Civ. P. 12(d).

[20] Fed. R. Civ. P. 10(c); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384–85 (10th Cir. 1997).

[21] *See, e.g.*, *McAdams v. Wyo. Dep't of Corr.*, 561 F. App'x 718, 720 (10th Cir. 2014) (citations omitted).

4

Here, Plaintiff has filed a Response to the *Martinez* Reports, disputing many of the facts included therein.

Moreover, Defendants' motion to dismiss provides no specific analysis about why each of the surviving claims are subject to dismissal, and it almost entirely relies on the *Martinez* Report with generic references. For example, Defendants assert in conclusory statements that Plaintiff failed to exhaust his administrative remedies as to Counts XI, VII, XIV, XVI, and X. But they wholly fail to explain how, or to address the grievance forms attached to Plaintiff's Affidavit filed along with his Amended Complaint.[22] Moreover, Defendants appear to misunderstand the burden on this affirmative defense—they bear the burden of pleading it and demonstrating that it applies.[23]

Likewise, Defendants assert, without more, that they are entitled to qualified immunity on the remaining claims. The Court acknowledges that it may grant a motion to dismiss on the basis of qualified immunity.[24] But "[a]sserting a qualified immunity defense via a Rule 12(b)(6) motion . . . subjects the defendant to a more challenging standard of review than would apply on summary judgment."[25] At the motion-to-dismiss stage, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness.'"[26]

Given Defendants' reliance on matters outside the pleadings, failure to make particularized arguments for dismissal, and the fact that the *Martinez* Report and Plaintiff's

---

[22] *See* Doc. 14-1.

[23] *Jones v. Bock*, 549 U.S. 199, 212 (2007); *see Lax v. Corizon Med. Staff*, 766 F. App'x 626, 628 (10th Cir. 2019) (explaining that the district court should only grant a motion to dismiss for failure to exhaust in "'rare cases' in which 'it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies.'" (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007))).

[24] *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014).

[25] *Id.* (quoting *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004)).

[26] *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

response thereto are on file, the Court denies the motion to dismiss.  While the Court has discretion to convert this to a summary judgment motion, it declines to invoke this option because Defendants have not complied with the notice provision of D. Kan. Rule 56.1(d), which requires them to provide a specific notice to a pro se party opposing summary judgment, explaining how the process works.[27]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 88) is **denied**.

**IT IS SO ORDERED.**

Dated: May 5, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[27] *Accord Evans v. Heimgartner*, No. 16-3095-DDC-KGS, 2018 WL 3055843, at *8 n.6 (D. Kan. June 20, 2018), *aff'd*, 811 F. App'x 505 (10th Cir. 2020).