**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DURAYL TYREE VANN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JEFFREY FEWELL, et al.,**<br><br>**Defendants.** | **Case No. 5:20-CV-03200-JAR-GEB** |

**MEMORANDUM AND ORDER**

Plaintiff Durayl Tyree Vann brings this action *pro se* and *in forma pauperis*, alleging civil rights claims under 42 U.S.C. § 1983 against Wyandotte County Jail employees in connection with his detention at the jail. The Defendants are Warden Jeffrey Fewell, Deputy Sheriff (fnu) Reid, Deputy Sheriff Abraham Mesler, Deputy Sheriff (fnu) Lobner, Deputy Sheriff (fnu) Schuler, Major Charles Patrick, Deputy Sheriff John Doe, Head of Classification and Discipline Sarah Toms, Undersheriff Larry Roland, Sheriff Donald Ash, and interested party Wyandotte County Jail Sheriff.

Before the Court is Wyandotte County Jail Sheriff's ("WCJS") Motion to Dismiss Defendant Donald Ash pursuant to Fed. R. Civ. P. 12(b)(2) and (5) for lack of personal jurisdiction and insufficiency of service of process, as well as under Rule 4(m) for lack of service within the time permitted (Doc. 106).[1] Plaintiff has not responded to the motion and the time to

[1] Wyandotte County Jail Sheriff is not a party to the lawsuit but filed this motion to dismiss on behalf of Donald Ash as his prior employer.

do so has passed.[2] As explained below, the Court grants the motion to dismiss as uncontested and on the merits because Plaintiff failed to effectuate proper service on Defendant Donald Ash.

## I. Failure to Respond

As an initial matter, if a party or attorney does not timely file a response brief, D. Kan. Rule 7.1(c) provides that the court will decide such motions as uncontested and ordinarily grant them without further notice. Plaintiff did not file a response to WCJS's motion to dismiss Defendant Ash, and the time to do so has passed. Therefore, the Court may grant the motion as uncontested. As described below, the motion is also granted on the merits.

## II. Personal Jurisdiction and Service of Process

### A. Standards

Because a federal court lacks personal jurisdiction over a defendant if the plaintiff fails to effectuate proper service,[3] Fed. R. Civ. P. 12(b)(2) and 12(b)(5) may be asserted together as joint bases for dismissal.[4] When a defendant moves to dismiss based on insufficient service of process under Rule 12(b)(5), "the burden shifts to the plaintiff to make a prima facie showing that he served process properly."[5] Since Plaintiff has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(d) provides that "officers of the court shall issue and serve all process." Pursuant to Fed. R. Civ. P. 4(c)(3), a plaintiff proceeding *in forma pauperis* is entitled

---

[2] *See* D. Kan. Rule 6.1(d) (stating that responses to motions to dismiss must be filed and served within 21 days). Defendants filed their motion on June 20, 2023; therefore, Plaintiff's response was due on July 11, 2023.

[3] *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

[4] *See, e.g.*, *Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2016 WL 4039613, at *3 (D. Kan. July 28, 2016) ("Motions to dismiss under Rule 12(b)(2) and Rule 12(b)(5) . . . go hand-in-hand.").

[5] *Id.* (citing *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).

to have the summons and complaint served by the United States Marshals Service ("Marshals Service").

Additionally, under Fed. R. Civ. P. 4(m), a plaintiff has 90 days from the date the complaint is filed to serve process on the defendants.[6] Before dismissing a claim for failure to serve process, the Tenth Circuit requires that the district court inquire whether the plaintiff has demonstrated good cause for his failure to timely effect service.[7] If the plaintiff shows good cause, he is entitled to a mandatory extension of time to effect proper service.[8] In the absence of good cause, the court has discretion to either grant a permissive extension of time or dismiss the action without prejudice.[9] Since Plaintiff proceeds *pro se*, the Court must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[10] However, Plaintiff's *pro se* status does not excuse him from complying with federal and local rules.[11]

**B.     Background**

Plaintiff filed a Complaint on July 24, 2020 alleging that several employees of the Wyandotte County Jail violated his civil rights in 2015 by using unlawful force against him while he was detained.[12] After the Court ordered Plaintiff to show cause why his claims should

---

[6] Fed. R. Civ. P. 4(m).

[7] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[8] *Id.*

[9] *Id.*

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[11] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); *see* D. Kan. Local R. 83.5.4(g) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

[12] Doc. 1.

not be dismissed, Plaintiff filed an Amended Complaint on January 26, 2021.[13] Over the next 19 months, the Court approved numerous requests for additional time to file various motions from both Plaintiff and Defendants.[14]

On October 5, 2022, the Court ordered the first summons to be issued to all Defendants remaining in the case, including Defendant Donald Ash.[15] Since Plaintiff had been granted leave to proceed *in forma pauperis*, the Marshals Service attempted to effectuate service for him.[16] The summons for Defendant Ash was returned unexecuted because Defendant Ash no longer worked at the Wyandotte County Sheriff's Office.[17] On November 22, 2022, using an address provided by the Defendants under seal, an alias summons was issued for Defendant Ash.[18] The sealed alias summons was returned unexecuted on January 12, 2023.[19]

**C. Discussion**

WCJS moves to dismiss Defendant Donald Ash from this suit for lack of personal jurisdiction due to insufficient service. Additionally, it argues that Plaintiff has failed to comply with the 90-day service period in Fed. R. Civ. P. 4(m) and has not demonstrated good cause for an extension of time. The Court agrees.

Since January 12, 2023, Plaintiff has made no attempt to execute service on Defendant Ash. Likewise, Plaintiff has not responded to the motion to dismiss Defendant Ash for lack of

---

[13] Doc. 13.

[14] *See* Docs. 16, 21, 23, 25, 29, 33, 40, 43, 50.

[15] Doc. 56.

[16] *See* Doc. 3 (granting Plaintiff leave to proceed *in forma pauperis*); Fed. R. Civ. P. 4(c)(3) (stating that, when a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the court must order that service be made by a United States Marshal).

[17] Doc. 62.

[18] Doc. 74.

[19] Doc. 86.

personal jurisdiction. "Even allowing for plaintiff's *pro se* status, it cannot be reasonably concluded that plaintiff has been diligent or made a good faith effort to assist the Marshals Service in effectuating service."[20] While the Court has discretion to extend the time limit for service under Fed. R. Civ. P. 4(m), there is no reason to do so here because Plaintiff has not demonstrated good cause for the failure.[21] Moreover, in response to WCJS's motion to dismiss for insufficient service, Plaintiff bears the burden of making "a prima facie showing that he served process properly."[22] Plaintiff has made no such showing. Instead, Plaintiff has continued to prosecute his case against the served Defendants.

Since Defendant Ash was never served, the Court has no personal jurisdiction over him.[23] The Court declines to use its discretion to extend the deadline for service. Under Fed. R. Civ. P. 12(b)(2) and (5), as well as 4(m), the Court dismisses the action without prejudice as to Defendant Donald Ash.[24]

**IT IS THEREFORE ORDERED BY THE COURT** that WCJS' Motion to Dismiss Defendant Donald Ash (Doc. 106) is **granted** under Fed. R. Civ. P. 12(b)(2) and (5) for lack of personal jurisdiction, and under Fed. R. Civ. P. 4(m) for failure to serve within the time limit for service. Defendant Donald Ash is dismissed from this case without prejudice.

**IT IS SO ORDERED.**

Dated: September 25, 2023

---

[20] *Searles v. Werholtz*, No. 06-3198-JAR-KGS, 2010 WL 4861123, at *3 (D. Kan. Nov. 16, 2010).

[21] *See* Fed. R. Civ. P. 4(m).

[22] *See Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2016 WL 4039613, at *3 (D. Kan. July 28, 2016) (citing *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).

[23] *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

[24] *See* Fed. R. Civ. P. 4(m), 12(b)(2) and (5).

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE