IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DURAYL TYREE VANN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-cv-03200-JAR-GEB |
| | ) |
| **JEFFREY FEWELL, et al.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPORT AND RECOMMENDATION AND NOTICE**

This matter concerns the Court's December 19, 2023 Order **(ECF No. 130)** directing Plaintiff to cause summons to Defendant Shardale Brown be issued and served by February 9, 2024. The Court advised Plaintiff any failure to do so could result in the Court recommending Defendant Brown's dismissal. As of this date, Plaintiff has taken no action to effectuate service upon Defendant Brown. Thus, the undersigned recommends Defendant Brown be dismissed from this case for lack of personal jurisdiction.[1]

I.    NOTICE

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any

---

[1] The Court's December 19, 2023 Order also applied to service of Defendant Donald Ash. However, a motion to dismiss for lack of jurisdiction was recently filed on his behalf. *See* ECF No. 137.

objections within the fourteen-day period *if* the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

## II.     Recommendation of Dismissal

On October 2, 2023, Plaintiff filed an Amended Complaint, which added Defendant Brown to this action.[2]  Under Fed. R. Civ. P. 4(m), Plaintiff had 90 days after the filing of the Amended Complaint, or until January 2, 2024, to serve Defendant Brown.  On December 19, 2023, the Court, upon Plaintiff's request,[3] extended that deadline to February 9, 2024.[4]  As relevant here, the Court ordered Plaintiff "to cause summons" to Defendant Brown to "be issued and served on or before 2/9/24."[5]  The Court further stated it intended to "take this matter up at the status conference scheduled for 2/20/24, and, if service is not perfected as ordered, will require Plaintiff to explain why the Court should not recommend dismissal" of Defendant Brown.[6]  The Court also ordered that once Plaintiff issued summons, the U.S. Marshal shall serve Defendant Brown at no cost to Plaintiff.[7]

The Court's status conference was rescheduled from February 20, 2024 to February 29, 2024.[8]  Despite the Court mailing notice of the rescheduled conference to Plaintiff, emailing Plaintiff twice with information regarding the conference, and calling Plaintiff at the start of the conference to see if he would be joining, Plaintiff failed to appear.[9]  Plaintiff

---

[2] ECF No. 123.
[3] *See* Plaintiff's Motion for Leave to Provide Service/Summons to Defendants Donald Ash and Shardale Brown at ECF No. 129.
[4] ECF No. 130.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] ECF No. 132.
[9] ECF No. 135.

recently filed notice that he has again been incarcerated, but he makes no mention of any effort to effectuate service on Defendant Brown, as has been his obligation since the filing of the Amended Complaint on October 2, 2023, and as made clear in the Court's December 19, 2023 Order.[10]

To this date, Plaintiff, despite being given ample time to do so, has not served, nor taken any action to serve, Defendant Brown. As far as the Court can discern, Plaintiff has not done anything to obtain Defendant Brown's address or to otherwise issue summons so the U.S. Marshals could serve the same. And, while Fed. R. Civ. P. 4(m) provides the Court must extend the service time for an appropriate period if a plaintiff shows "good cause," Plaintiff, by his inaction to effectuate service on Defendant Brown by February 9, 2024, and his subsequent failure to explain this inaction, cannot demonstrate good cause.[11]

The Court lacks personal jurisdiction over defendants who are not served.[12] Thus, because Defendant Brown has not been timely served, and Plaintiff has not shown good

---

[10] ECF Nos. 136, 139, and 130.
[11] *See* Judge Robinson's Memorandum and Order, ECF No. 121 at 4-5 (finding good cause did not exist to extend the service deadline for Defendant Donald Ash where Plaintiff made no attempt to execute service and failed to respond to the motion to dismiss); *see also Searles v. Werholtz*, No. 06-3198-JAR, 2010 WL 4861123, at *3 (D. Kan. Nov. 16, 2010) ("Even allowing for plaintiff's pro se status, it cannot be reasonably concluded that plaintiff has been diligent or made a good faith effort to assist the Marshals Service in effectuating service.").
[12] *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 409, 98 L. Ed. 2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *see also Davis v. U.S. Dep't of Just.*, No. 23-CV-1010-JAR-KGG, 2023 WL 6312794, at *9 (D. Kan. Sept. 28, 2023) ("Plaintiffs must validly serve process on a defendant under Fed. R. Civ. P. 4 before the Court can exercise personal jurisdiction.").

cause as to why the service deadline should be further extended, the undersigned recommends Defendant Brown be dismissed from this action.

**IT IS THEREFORE RECOMMENDED** to the District Court that Defendant Shardale Brown be **DISMISSED** for lack of personal jurisdiction.

IT IS SO ORDERED.

Dated this 19th day of March, 2024.

                                          s/ Gwynne E. Birzer
                                          GWYNNE E. BIRZER
                                          United States Magistrate Judge