## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DURAYL TYREE VANN,**

     **Plaintiff,**

     **v.**

**JEFFREY FEWELL, et al.,**

     **Defendants.**

**Case No. 5:20-CV-3200-JAR-GEB**

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Durayl Tyree Vann brings this action *pro se* and *in forma pauperis*, pursuant to 42 U.S.C. § 1983, against Defendants Jeffrey Fewell, Kimberly Reid, Abraham Mesler, John Lobner, Ryan Schuler, Charles Patrick, Sarah Toms, Larry Roland, Shardale Brown, and Donald Ash. Plaintiff alleges that Defendants violated his civil rights during his detention in the Wyandotte County Jail ("WCJ"). Two matters are before the Court: (1) Interested Party Wyandotte County Jail Sheriff's ("WCJS") Second Motion to Dismiss Defendant Ash (Doc. 137); and (2) presiding Magistrate Judge Gwynne E. Birzer's Report and Recommendation ("R&R") recommending the dismissal of Defendant Brown for lack of personal jurisdiction (Doc. 141). The motions have been fully briefed, and the Court is prepared to rule. As described in more detail below, the Court grants the motion to dismiss Ash. The Court rejects the R&R of dismissal as to Brown. The Court directs the WCJS to provide Brown's last known address under seal, and orders the Clerk to prepare summons for Brown.

# I.      Background

Plaintiff filed a Complaint on July 24, 2020, alleging that several employees of the WCJ violated his civil rights in 2015 by using unlawful force against him.[1]  After the Court ordered Plaintiff to show cause why his claims should not be dismissed, Plaintiff filed an Amended Complaint on January 26, 2021.[2]  Over the next 19 months, the Court approved numerous requests for additional time to file various motions from both Plaintiff and Defendants.[3]

On October 5, 2022, the Court ordered the first summons to be issued to all Defendants remaining in the case, including Defendant Ash.[4]  Since Plaintiff had been granted leave to proceed *in forma pauperis*, the Marshals Service attempted to effectuate service for him.[5]  The first round of summons were directed to the address of the Wyandotte County Sheriff's Office ("WCSO") for all Defendants.  The summons for Ash was returned unexecuted because Ash no longer worked at the WCSO.[6]  On November 18, 2022, the Court ordered the Clerk to prepare alias summons for Defendants who were not served in the first round of summons.[7]  The Clerk prepared the second round of summonses using addresses provided by Defendants under seal, and issued an alias summons for Ash.  The sealed alias summons for Ash was returned unexecuted on January 12, 2023.[8]  However, eight other Defendants were properly served in the

---

[1] Doc. 1.

[2] Doc. 13.

[3] *See* Docs. 16, 21, 23, 25, 29, 33, 40, 43, 50.

[4] Doc. 56.

[5] *See* Doc. 3 (granting Plaintiff leave to proceed *in forma pauperis*); Fed. R. Civ. P. 4(c)(3) (stating that, when a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the court must order that service be made by a United States Marshal).

[6] Doc. 62.

[7] Doc. 74.

[8] Doc. 86.

first or second round of Court-ordered service, and the parties moved forward with litigating the case.

On June 20, 2023, WCJS filed its first motion to dismiss Ash for lack of personal jurisdiction and improper service.[9]  In a September 25, 2023 Memorandum and Order, this Court granted WCJS's motion as uncontested and on the merits.[10]  Specifically, the Court held that it did not have personal jurisdiction over Ash because Plaintiff never properly served Ash with process.  The Court noted that, while it had discretion to extend the time limit for service, it chose not to do so because Plaintiff did not demonstrate good cause for his failure to serve Ash.  In fact, Plaintiff failed to respond to the motion to dismiss.  Thus, the Court dismissed Ash from this case without prejudice.

One week later, Plaintiff filed a Second Amended Complaint re-adding Ash as a Defendant.[11]  Plaintiff also added Defendant Brown to this action, who Plaintiff had originally named as John/Jane Doe in the Complaint.  On December 19, 2023, Judge Birzer granted Plaintiff's motion for leave to serve Ash and Brown, and ordered Plaintiff "to cause summons to Defendants Ash and Brown be issued and served on or before 2/9/24. . . .  Once summons are issued, Defendants Ash and Brown shall be served by the U.S. Marshal at no cost to Plaintiff."[12]  Judge Birzer also put the parties on notice that the Court would address the issue of any Defendants who had not been served at the status conference in February, 2024.  Plaintiff failed to appear at the status conference on February 29, 2024.  Neither Ash nor Brown have been served.

---

[9] Doc. 106.

[10] Doc. 121.

[11] Doc. 123.

[12] Doc. 130.

## II.    Legal Standards

Because a federal court lacks personal jurisdiction over a defendant if the plaintiff fails to effectuate proper service,[13] Fed. R. Civ. P. 12(b)(2) and 12(b)(5) may be asserted together as joint bases for dismissal.[14]  "When a defendant moves to dismiss based on insufficient service of process under Rule 12(b)(5), the burden shifts to the plaintiff to make a prima facie showing that he served process properly."[15]  Since Plaintiff has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(d) provides that "officers of the court shall issue and serve all process."  Pursuant to Fed. R. Civ. P. 4(c)(3), a plaintiff proceeding *in forma pauperis* is entitled to have the summons and complaint served by the United States Marshals Service ("Marshals Service").

Additionally, under Fed. R. Civ. P. 4(m), a plaintiff has 90 days from the date the complaint is filed to serve process on the defendants.[16]  Before dismissing a claim for failure to serve process, the Tenth Circuit requires that the district court inquire whether the plaintiff has demonstrated good cause for his failure to timely effect service.[17]  If the plaintiff shows good cause, he is entitled to a mandatory extension of time to effect proper service.[18]  In the absence of good cause, the court has discretion to either grant a permissive extension of time or dismiss the action without prejudice.[19]  Since Plaintiff proceeds *pro se*, the Court must construe his filings

---

[13] *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

[14] *See, e.g.*, *Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2016 WL 4039613, at *3 (D. Kan. July 28, 2016) ("Motions to dismiss under Rule 12(b)(2) and Rule 12(b)(5) . . . go hand-in-hand.").

[15] *Id.* (citing *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).

[16] Fed. R. Civ. P. 4(m).

[17] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[18] *Id.*

[19] *Id.*

liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[20] However, Plaintiff's *pro se* status does not excuse him from complying with federal and local rules.[21]

### III.   Motion to Dismiss Defendant Ash

WCJS argues that Ash should be dismissed for lack of personal jurisdiction and improper service, and that the dismissal should be with prejudice due to Plaintiff's refusal to follow Court directives.  WCJS notes that, despite numerous extensions and opportunities, Plaintiff has failed to effectuate service on Ash.  Plaintiff responds that he has attempted to obtain Ash's contact information from the WCJ, but the jail has refused to give him the information due to security concerns.  Plaintiff also claims that the only person who can obtain Ash's address is WCJS Counsel, Joni Cole, and seeks an order from the Court requiring Cole to provide the contact information to the Marshals for service.

Because a party proceeding *in forma pauperis* is entitled to rely on the Marshals Service for service of the summons and complaint, numerous circuits have found good cause exists to excuse a failure to serve when the Marshals Service does not fulfill its duties.[22]  A court should not penalize a plaintiff by dismissing the action when the Marshals Service fails to serve process, unless the defects result from plaintiff's inadequate or inaccurate information or lack of diligence.[23]

---

[20] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[21] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[22] *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *see also Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1352 (D. Kan. 1994).

[23] *Oltremari*, 871 F. Supp. at 1352; *see also Olson v. AT&T*, No. 08–2126–CM, 2009 WL 982447, at *2 (D. Kan. Apr. 13, 2009).

Plaintiff was entitled to rely on the Marshals Service to effectuate service unless he was responsible for the defects in service. In this case, Plaintiff is at fault for the failure to serve. A plaintiff must cooperate with the Marshals Service and "take reasonable steps to identify the defendant by name and address, so that service can be accomplished."[24] Plaintiff has provided no information about the whereabouts of Ash to assist the Marshals Service with service. Though Plaintiff's *in forma pauperis* status entitles him to rely on the Court to effectuate service, "it is neither the role nor the responsibility of the Court or the U.S. Marshals Service to investigate the whereabouts or to locate parties to a lawsuit."[25]

Given Plaintiff's numerous extensions, and multiple attempts by the Marshals Service to serve Ash, the Court finds that there is not good cause to extend Plaintiff's deadline for service. In fact, Plaintiff represents that he cannot obtain Ash's address. Thus, the Court declines to exercise its discretion to award an extension, because it would serve no purpose but to further delay this action. Plaintiff's request for a Court Order requiring Cole to provide Ash's address to the Marshals Service is denied. On November 10, 2022, the Court asked WCJS counsel to provide the Court with any last known addresses for unserved Defendants, including Ash.[26] WCJS counsel complied with this request on November 18, 2022, and alias summons were issued soon after.[27] Thus, the Court has already sought, and received, Ash's address from Cole.

---

[24] *Everston v. Topeka Ass'n for Retarded Citizens*, No. 05–4046–SAC, 2005 WL 2988716, at *1 (D. Kan. Oct. 11, 2005) (citing *Weaver v. Boyles*, 172 F. Supp. 2d 1333, 1342 (D. Kan. 2001), *aff'd*, 26 F. App'x 908 (10th Cir. 2002)); *see also Mapes*, 333 F.3d at 1204–05.

[25] *See Franks v. Waite*, No. 04–3396–SAC, 2009 WL 640777, at *2 (D. Kan. Mar. 11, 2009) (requiring the plaintiff to provide the Marshals Service with the current location or address for defendants); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (affirming the finding that the plaintiff did not show good cause for failing to serve defendant within 120 days because plaintiff did not provide the Marshals Service with sufficient information to serve defendant), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).

[26] Doc. 70.

[27] Doc. 75.

In sum, the Marshals Service attempted to effectuate service for Plaintiff against Ash twice, and the Court assisted Plaintiff by obtaining the alias information.  Plaintiff has no information to assist the Marshals Service with effectuating service, thus Ash must be dismissed for lack of personal jurisdiction and improper service.

WCJS requests that the Court dismiss Ash, with prejudice, under Fed. R. Civ. P. 41(b). Rule 41(b) provides: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."[28]  The Tenth Circuit interprets Rule 41(b) as follows:

> A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal.  These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[29]

The Court finds that dismissal of Ash under Rule 41(b) is appropriate.  The Court, and WCJS, expended resources addressing WCJS's first motion to dismiss Ash.  The Court explained its reasons for dismissing Ash in the Memorandum and Order, but Plaintiff re-added Ash in his Second Amended Complaint without attempting to address the issue of service.  Based on this history, the Court finds that Defendants would be prejudiced if Plaintiff attempted to add Ash again, after representing that he cannot locate Ash himself.  It would also interfere with the judicial process for Plaintiff to add Ash again, after the Court dismissed him twice for lack of personal jurisdiction.

---

[28] Fed. R. Civ. P. 41(b).

[29] *Mapes*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Thus, Defendant Ash is dismissed for lack of personal jurisdiction and improper service, with prejudice under Fed. R. Civ. P. 41(b).

**IV.     R&R Recommending Dismissal of Defendant Brown**

Judge Birzer recommends that the Court dismiss Defendant Brown for lack of personal jurisdiction, because Brown has not been timely served and Plaintiff has not shown good cause to extend the service deadline.  Judge Birzer notes that she extended Plaintiff's deadline to serve Brown, but that Plaintiff has taken no action to obtain Brown's address or otherwise issue summons so that the Marshals Service could serve the summons.  Plaintiff objects to the recommendation, while not challenging the fact that Brown has not been served.  Plaintiff disputes that he has taken no action to serve Brown, and claims that he has attempted to obtain Brown's location information.  Plaintiff further states that Brown is a current employee at the WCJ, and thus Defendants should be able to obtain her home address.

The dismissal of a party is a dispositive matter; thus, under Fed. R. Civ. P. 72(b), a magistrate judge can only issue a report and recommendation for a decision by the district court.[30]  The district court reviews *de novo* those portions of the magistrate judge's report and recommendation to which written objections have been made.[31]  Upon receipt of the magistrate judge's report and recommendation, the court may accept, reject, or modify the magistrate's findings, or recommit the matter to the magistrate judge with instructions.[32]

The Court declines to adopt Judge Birzer's R&R with respect to Brown.  Judge Birzer ordered that, once Plaintiff caused summons to issue, the Marshals Service would serve Brown at no cost to Plaintiff.  But Plaintiff is entitled to rely on the Marshals Service for *both* the issuance

---

[30] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[31] Fed. R. Civ. P. 72(b).

[32] 28 U.S.C. § 636(b)(1)(C).

of summons and the service of summons.[33]  Since Brown was recently named in this action, there has been no prior Order from the Court directing the WCJ to provide Brown's sealed address to the Court.  Thus, the Court should first order that summons be issued and served on Plaintiff's behalf.

In the previous two rounds of service, the Court ordered the Clerk to prepare summons pursuant to Rule 4(c)(3), to be served by the Marshals Service at no cost to Plaintiff.[34]  The Court also directed WCJS counsel to provide the Court with any last known addresses for unserved Defendants, which the Clerk used to prepare alias summons.  Therefore, the Court directs WCJS to do the same for this newly-identified Defendant, Shardale Brown.

Plaintiff is entitled to have the Court issue and serve summons upon Brown; thus, there is good cause to extend Plaintiff's deadline to serve Brown under Rule 4(m) by 90 days.

**IT IS THEREFORE ORDERED BY THE COURT** that Interested Party Wyandotte County Jail Sheriff's Second Motion to Dismiss Defendant Ash (Doc. 137) for lack of personal jurisdiction and improper service is **granted**.  Defendant Ash is dismissed with prejudice.

**IT IS FURTHER ORDERED BY THE COURT** that the Court rejects Judge Birzer's Report and Recommendation (Doc. 141) of dismissal as to Defendant Brown.  Plaintiff's deadline to serve Brown is extended for good cause by 90 days, and Counsel for the Wyandotte County Jail Sheriff is directed to provide the Court with any last known address for Defendant Brown by May 27, 2024.

---

[33] 28 U.S.C. § 1915(d) ("The officers of the court shall issue *and* serve all process, and perform all duties in such cases." (emphasis added)).

[34] Docs. 56, 76.

**IT IS FURTHER ORDERED BY THE COURT** that the Clerk prepare a summons pursuant to Rule 4(c)(3) to be served upon Defendant Brown by the Marshals Service, at no cost to Plaintiff.

**IT IS SO ORDERED.**

Dated: May 23, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
