# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DURAYL TYREE VANN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO: 20-cv-03200-JAR-GEB |
| | ) |
| **JEFFREY FEWELL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## PRETRIAL ORDER

On April 26, 2023, U.S. Magistrate Judge Gwynne E. Birzer conducted a pretrial conference in this case by videoconference. Plaintiff Durayl Tyree Vann appeared in person. Defendants appeared through counsel Joni Cole.

This pretrial order supersedes all pleadings and controls the subsequent course of this case. It will not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice. *See* Fed. R. Civ. P. 16(d) & (e); D. Kan. Rule 16.2(a).

1. **PRELIMINARY MATTERS.**

    a. **Subject-Matter Jurisdiction.** Subject-matter jurisdiction is invoked under U.S.C. § 1343(3); 42 U.S.C. § 1983 and § 1367. Subject matter jurisdiction is disputed under §1367 as plaintiff failed to comply with the provisions of K.S.A. §12-105b.

    b. **Personal Jurisdiction.** The court's personal jurisdiction over the parties is not disputed excluding any unserved Defendants.

    c. **Venue.** Venue in this court is not disputed but the matter should be tried in the Kansas City Division due to the location of both the Plaintiff and Defendants.

d.      **Governing Law.**  Subject to the court's determination of the law that applies to the case, the parties believe and agree that the substantive issues in this case are governed by the following laws:  **State of Kansas, U.S.C. § 1983, 42 U.S.C. § 1997e**

2.    **STIPULATIONS.**  None.

3.    **FACTUAL CONTENTIONS.**

   a.    **Plaintiff(s)' Factual Contentions.**

| Defendant | Factual Contention(s) |
|---|---|
| Lobner | On October 27, 2018 Deputy Lobner used excessive force on Plaintiff by assaulting, battering, and dragging Plaintiff down a flight of stairs. |
| Brown<br><br>Schuler | On October 27, 2018 and October 28, 2018:<br>• Captain Shardale Brown used excessive force on Plaintiff by assaulting, battering, and dragging Plaintiff down a flight of stairs.<br>• In addition, Captain Brown was the supervisor in charge who directed the actions against Plaintiff.<br>• Denied Plaintiff medical attention after the use of force.<br>• Captain Brown directed that Plaintiff be placed in a restraint chair for several hours and denied him access to bathroom facilities, left the cuffs on Plaintiff for too long which caused lacerations and bleeding, and then had Plaintiff placed in segregation without allowing him to shower after he had urinated and defecated on himself.<br>• Captain Brown had Plaintiff placed in segregation for an indefinite amount of time to hide his injuries and cover-up the incident after the use of force.<br>On October 27, 2018 Deputy Schuler used excessive force on Plaintiff by assaulting, battering, and dragging Plaintiff down a flight of stairs. |
| Mesler | On October 27, 2018 Deputy Mesler denied Plaintiff medical attention and medical assistance. |
| Toms | Sarah Toms was the Disciplinary Hearing Officer who presided over the disciplinary tickets issued to Plaintiff on October 27, 2018 and November 1, 2018.  Toms did not allow Plaintiff to call witnesses in his disciplinary hearings.  Toms placed Plaintiff in segregation for an indeterminate amount of time in retaliation for Plaintiff filing grievances against her and conspired with other employees to keep Plaintiff in segregation to conceal his injuries. Toms also sentenced Plaintiff to segregation longer based on his race. |
| Patrick | Major Patrick housed Plaintiff in segregation for an indeterminate term, placed him in an unfit and unsanitary cell, confiscated Plaintiff's legal work and religious materials, blocked Plaintiff's access to courts, threatened to kill Plaintiff, falsified documents in order to keep Plaintiff in segregation. |

| Reid | Deputy Reid denied Plaintiff his food trays, showers, clean clothing, hygiene and recreation time while Plaintiff was in segregation. |
|---|---|
| Fewell | Warden Fewell placed Plaintiff in segregation for an indefinite term as retaliation for speaking with a camera crew about his mistreatment at the WCDC. In addition, Warden Fewell confiscated Plaintiff's legal work, mail, and blocked his access to the Courts in retaliation for Plaintiff's filing on grievances against him. Warden Fewell had Plaintiff placed in an unfit and unsanitary cell in segregation as punishment for Plaintiff's filing of grievances. Warden Fewell conspired with Sarah Toms and Charles Patrick to keep Plaintiff housed in segregation indeterminately in order to prevent exposure of Plaintiff's injuries and failed to inform Plaintiff of his mother's death which forced him to cremate her contrary to their religious beliefs. |
| Roland | Undersheriff Larry Roland failed to address Plaintiff's complaints and grievances of Plaintiff being severely abused and mistreated by his subordinates after becoming aware of the harm being done to Plaintiff. Undersheriff Roland failed to put preventative measures in place to ensure a safe and secure environment for Plaintiff. |

**b.     Defendant(s)' Factual Contentions.**

Inmate Vann was booked into the WCDC on October 27, 2018, as Booking # 2018007606 and released on January 24, 2019. On October 27, 2018, he attempted to incite a riot and create disruption within the cell house by yelling and kicking on his cell door and urging other inmates to join in the chaos. At some point during the disturbance, Inmate Vann faked a medical illness and asked for medical attention which was promptly provided. Inmate Vann's vitals were taken and were within normal range. Inmate Vann refused to further cooperate with WCDC and medical staff to transport him to medical and he had to be carried out of his room and into the cellhouse dayroom using a five man carry technique. Inmate Vann was not injured during this transport, and the maneuver was necessary and reasonable for his own health and safety as well as to secure the facility and restore order. The incident was reviewed and determined to be appropriate under the circumstances and within policy and procedure.

Once it was determined that Inmate Vann was not in need of medical treatment, he was placed in a restraint chair and transported to intake where he was placed in a secure cell for a short period to calm down and until he could be moved to the segregation unit.

Inmate Vann received a total of seven staff tickets during this incarceration period. He received the legal required written notice of the charges, was given the opportunity to call witnesses, and present evidence in his defense. His sentence was in the range and consistent with other inmates who had received the same charges, and he was released from segregation early on an early release agreement that he requested and agreed too. Plaintiff was given appropriate medical care and offered regular meal service which he at times refused, due to his self-imposed hunger strike. The cells Inmate Vann were assigned were cleaned regularly and maintained properly. Inmate Vann received all services available through programs he requested and his mail was processed timely and in accordance with policy and procedures.

**4.   LEGAL CLAIMS AND DEFENSES.**

   **a.   Plaintiff's Claims and Defendant's Defenses – Section 1983 Claims**

| Count | Claims | Defenses |
|---|---|---|
| I | -Excessive Force | -Defendants Entitled to Qualified or Absolute Immunity<br>-The Force Used Was Reasonable.<br>-Plaintiff had no physical injury or damages<br>-Defendants did not violate clearly established law<br>-Failure to state a claim<br>-Statute of Limitations Has Run |
| II | -Denial of Medical Assistance/Indifference to Serious Medical Needs | -Defendant is Entitled to Qualified or Absolute Immunity<br>-Failure to State a Claim<br>-Plaintiff failed to provide statutory notice or exhaust administrative remedies |

4

|     |                                                  |                                                                                                                                                                                                                                     |
|-----|--------------------------------------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|     |                                                  | -Defendants did not violate clearly established law<br>- Statute of Limitations Has Run                                                                                                                                             |
| III | -Denial of Due Process in Disciplinary Hearing   | -Defendant is Entitled to Qualified or Absolute Immunity<br>-Failure to State a Claim<br>-Defendants did not violate clearly established law<br>-Plaintiff failed to provide statutory notice or exhaust administrative remedies<br>- Statute of Limitations Has Run |
| IV  | -Retaliation                                     | -Fails to State a Claim<br>-Defendant is Entitled to Qualified or Absolute Immunity<br>-Failure to State a Claim<br>-Defendants did not violate clearly established law<br>-Plaintiff failed to provide statutory notice or exhaust administrative remedies<br>- Statute of Limitations Has Run |
| V   | Supervisory Liability                            | -Defendant is Entitled to Qualified or Absolute Immunity<br>-Failure to State a Claim<br>-Defendants did not violate clearly established law<br>- Statute of Limitations Has Run                                                    |
| VI  | Discrimination Based on Race                     | -Defendant is Entitled to Qualified or Absolute Immunity<br>-Failure to State a Claim<br>-Defendants did not violate clearly established law                                                                                        |

**5.     DAMAGES AND NON-MONETARY RELIEF REQUESTED.**

Per the second amended complaint [DOC. 123] Plaintiff requests a total of $690,000.00 against Defendants; $41,000.00 in punitive damages against each Defendant; and for his costs.

**6.   AMENDMENTS TO PLEADINGS.**

None.

**7.   DISCOVERY.**

Under the scheduling order and any amendments, all discovery was to have been completed by March 29, 2024.  Discovery is complete.

Unopposed discovery may continue after the deadline to complete discovery so long as it does not delay briefing or ruling on dispositive motions or other pretrial preparations.  Although discovery may be conducted beyond the deadline to complete discovery if all parties agree to do so, under these circumstances the court will not be available to resolve any disputes that arise during the course of such extended discovery.

**8.   MOTIONS.**

  **a.   Pending Motions.**

  Defendant Brown has a Motion to Dismiss Pending.

  **b.   Additional Pretrial Motions.**

  After the pretrial conference, the parties intend to file the following motions: Pre-Trial Motion in Limine, Motions To Dismiss or Alternative Motion for Summary Judgment for All Defendants

  **c.**   The dispositive-motion deadline, as established at the Status Conference held on August 23, 2024, is **September 6, 2024**.  The parties should follow the summary-judgment guidelines on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

Principal briefs in support of, or in response to, summary judgment [and class certification] motions must not exceed 40 pages and replies must not exceed 15 pages.  *See* D. KAN. RULE

7.1(d)(2). Any motion to exceed these page limits or for an extension of briefing deadlines must be filed at least three days before the brief's filing deadline. *See* D. KAN. RULE 6.1(a), 7.1(d)(4).

### d. Motions Regarding Expert Testimony.

All motions to exclude the testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), or similar case law, must be filed in accordance with the dispositive-motion deadline stated above.

## 9. TRIAL.

The District Judge will set a date for trial after ruling on dispositive motions. If no dispositive motions are timely filed, or if the case remains at issue after timely dispositive motions have been decided, then the trial judge may enter an order or convene another pretrial conference to set deadlines for filing final witness and exhibit disclosures, exchanging and marking trial exhibits, designating deposition testimony for presentation at trial, motions in limine, proposed instructions in jury trials, and proposed findings of fact and conclusions of law in bench trials.

**9.     ALTERNATIVE DISPUTE RESOLUTION (ADR).**

The status of settlement negotiations is as follows:  The parties currently believe the prospects for settlement of this case are poor and they do not believe that further court-ordered ADR would be helpful.

The parties are reminded that, under D. Kan. Rule 40.3, they must immediately notify the court if they reach an agreement that resolves the litigation as to any or all parties.  Jury costs may be assessed under this rule if the parties do not provide notice of settlement to the court's jury coordinator at least one full business day before the scheduled trial date.

IT IS SO ORDERED.

Dated August 30, 2024, at Wichita, Kansas.

s/ Gwynne E. Birzer_____<br>
GWYNNE E. BIRZER<br>
U.S. Magistrate Judge