# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DURAYL TYREE VANN,

    Plaintiff,

    v.                             Case No. 20-3200-JAR-GEB

JEFFREY FEWELL, et al.,

    Defendants.

## MEMORANDUM AND ORDER

On September 6, 2024, Defendants Shardale Brown, Jeffrey Fewell, John Lobner, Abraham Mesler, Charles Patrick, Kimberly Reid, Larry Roland, Ryan Schuler, and Sarah Toms filed their Motion for Summary Judgment.[1]  Since that time, Plaintiff Durayl Vann, proceeding pro se, has made several related filings including "Exhibits in Response,"[2] "Affidavit of Bruce Tyner,"[3] "Declaration in Opposition,"[4] and "Plaintiff's Motion to Treat Verified Amended Complaints I and II as Part of Summary Judgment Record in Support of Plaintiff's Opposition."[5] On October 21, 2024, Plaintiff filed a 72-page Response in Opposition.[6]

Now before the Court are the following motions for relief related to the briefing of the summary judgment motion: (1) Plaintiff's Motion for Leave to File Excess Pages (Doc. 187); (2) Defendants' Motion for Extension of Time to File Reply (Doc. 190); and (3) Plaintiff's Motion for Extension of Time (Doc. 192).

---

[1] Doc. 176.

[2] Doc. 181.

[3] Doc. 185.

[4] Doc. 186.

[5] Doc. 188.

[6] Doc. 191.

The parties are not clear about which document constitutes Plaintiff's response, and whether it was timely. Plaintiff's response deadline was October 15, 2024.[7] Plaintiff filed several documents as part of his opposition to summary judgment before that deadline, but he did not file the response brief itself until after the deadline.[8] When a motion for extension of time is made after the deadline expires, the Court may extend the time "if the party failed to act because of excusable neglect."[9] Relevant circumstances include: (1) "the danger of prejudice to [the nonmoving party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith."[10]

Here, Plaintiff was recently transferred to a different detention facility and had difficulty obtaining and sending to the Court the lengthy brief he had been hand-writing since before his transfer. The Court finds that the danger of prejudice to Defendants is minimal in allowing him a short, one-week extension of time, and the Court is satisfied that Plaintiff has acted in good faith. Thus, the Court deems Plaintiff's October 21, 2024 response to Defendants' summary judgment motion timely.

Next, the Court addresses Plaintiff's motion to exceed the page limit. Plaintiff did not wait on the Court's ruling on this motion before filing his overlong response. And Plaintiff failed to advise the Court by how many pages he wished to exceed the 40-page limit in his motion. While the Court would have been amenable to allowing some additional pages, the Court would not have granted the motion had it been advised that the response was anticipated to

---

[7] Doc. 183.

[8] Although Doc. 186, filed on October 7, 2024, was docketed as a "Response," it is actually just Plaintiff's Declaration. The Court has directed the Clerk's office to re-docket that filing accordingly.

[9] Fed. R. Civ. P. 6(b)(1)(B).

[10] *Pioneer Inv. Servs. Co. v. Brunswick Assocs., L.P.*, 507 U.S. 380, 395 (1993).

be 72 pages—twice as long as Defendants' opening brief, which was filed within the 40-page limit. However, given that Plaintiff has already filed the brief, the Court reluctantly declines to strike the document and will consider it in ruling on the summary judgment motion. To remedy the prejudice to Defendants in allowing Plaintiff such a lengthy brief, the Court will allow Defendants additional time and pages for the reply. Plaintiff is cautioned that future requests to exceed the page limit must state the amount of pages he requests to exceed, and that the Court will strike any future overlong document if he has not obtained prior leave of Court.

The Court's ruling that Plaintiff's response was filed on October 21, 2024, largely moots Defendants' motion for extension of time, in which they state their belief that the reply is due on October 22, 2024. Defendants request a deadline of November 22, 2024 to file their reply; however, that motion was filed before Plaintiff filed his overlong response brief. The Court finds good cause to further extend Defendants' deadline, particularly given the amount of material Plaintiff has submitted in response. Defendants' reply is due on December 2, 2024, and it shall not exceed 35 pages.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Excess Pages (Doc. 187) is **granted**; Defendants' Motion for Extension of Time to File Reply (Doc. 190) is **granted**; and (3) Plaintiff's Motion for Extension of Time (Doc. 192) is **granted**. Defendants' reply is due on **December 2, 2024**, and it shall not exceed 35 pages.

**IT IS SO ORDERED.**

Dated: October 28, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE