IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DURAYL TYREE VANN,

    **Plaintiff,**

    v.

JEFFREY FEWELL, et al.,

    **Defendants.**

Case No. 20-3200-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff Durayl Tyree Vann brings this action *pro se* and *in forma pauperis*, against Defendants Jeffrey Fewell, Kimberly Reid, Abraham Mesler, John Lobner, Ryan Schuler, Charles Patrick, Sarah Toms, Larry Roland, and Shardale Brown, alleging civil rights violations under 42 U.S.C. § 1983 during his detention at the Wyandotte County Jail ("WCJ"). Before the Court is Defendant Shardale Brown's Motion to Dismiss (Doc. 160).[1] The motion is fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court grants Brown's motion.

**I.    Background**

Plaintiff filed the original Complaint on July 24, 2020, alleging that several WCJ employees violated his civil rights in separate incidents in 2015 and 2018 by using excessive force against him.[2] That original Complaint named Brown and others as involved in the 2015 conduct; it alleged that "John Doe" and others were involved in the 2018 conduct. After the court ordered Plaintiff to show cause why his claims should not be dismissed, Plaintiff filed the

---

[1] The remaining Defendants, including Brown, have moved for summary judgment (Doc. 176). The Court will rule on that motion in a separate memorandum and order after it is fully briefed.

[2] Doc. 1.

First Amended Complaint on January 26, 2021, which again included claims against Brown based on events that occurred in 2015.[3] Brown was dismissed as part of the screening process because the 2015 events were outside the statute of limitations, and the court directed the Wyandotte County Sheriff's Office to file a *Martinez* Report regarding Counts II, VI, VIII, IX, XII, XIV, XVI, and X, arising out of incidents alleged to have occurred in 2018 and 2019.[4] Count II included a claim against Defendant John Doe for excessive force in 2018.

The *Martinez* Report was filed on January 14, 2022.[5] Exhibit G to the report is an Inmate Communication Form dated October 28, 2018, in which Defendant reported to internal affairs that officers attacked him that day.[6] In this document, he identified Brown, Schuler, Lobner, and "the rest of the officers" and indicated that he "would like to press charges." After reviewing the report and Plaintiff's response thereto, the court found that Counts II, VI, VIII, IX, XII, XIV, XVI, and the claim in Count X regarding incidents occurring in 2018 survived screening.[7]

On August 31, 2023, Plaintiff for the first time identified Captain Shardale Brown as the John Doe who he alleges participated in the 2018 excessive force incident. Judge Birzer ordered Plaintiff to file a Second Amended Complaint ("SAC") substituting John Doe, which he did on October 2, 2023.[8] The SAC alleges that Brown was employed at the WCJ as a Deputy Sheriff Sergeant. Plaintiff alleges that on October 27 and 28, 2018, he was handcuffed and shackled, and then assaulted by WCJ sheriffs including Brown, after seeking medical attention for chest pain. He alleges that one of the deputies put a knee to his neck, causing him not to breathe.

---

[3] Doc. 13.

[4] Doc. 16.

[5] Doc. 34.

[6] Doc. 34-6.

[7] Doc. 56.

[8] Doc. 123.

Plaintiff alleges that Brown was the supervisor in charge, that she directed Plaintiff be placed in restraints, and that she placed him in segregation for an indefinite amount of time to hide his injuries. Counts I, II, and V of the SAC name Brown as a Defendant based on these allegations.

## II.   Standard

To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[9] and must include "enough facts to state a claim to relief that is plausible on its face."[10] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[11] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully" but requires more than "a sheer possibility."[12] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[13] The court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proved.[14] Finally, the court must "draw all reasonable inferences" in Plaintiff's favor.[15]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all of the factual allegations in the complaint as true,

---

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[10] *Id*. at 570.

[11] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[13] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[14] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[15] *Brooks v. Mentor Worldwide, Inc.*, 985 F.3d 1272, 1281 (10th Cir. 2021).

[but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[16]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[17]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[18]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

Because Plaintiff proceeds *pro se*, the Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[20]  Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[21]  However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[22]  For that reason, the Court will not "construct arguments or theories for the plaintiff in the absence of any discussion of

---

[16] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[17] *Id*. at 678–79.

[18] *Id*. at 679.

[19] *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

[20] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citing *Gagan v. Norton*, 35 F.3d 1473, 1474 n.1 (10th Cir. 1994)).

[21] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[22] *Id.*

those issues,"[23] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[24]

**III.    Discussion**

Brown moves to dismiss the claims alleged against him in the SAC as barred by the statute of limitations. "A statute of limitations defense 'may be appropriately resolved on a [Rule] 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished.'"[25] Congress has not enacted a statute of limitations for claims under 42 U.S.C. § 1983, but federal courts apply the forum state's statute of limitations for personal injury actions to such claims.[26] State law also governs questions of tolling, unless state tolling rules would "defeat the goals" of § 1983.[27] Federal law, however, determines when § 1983 claims accrue.[28]

In Kansas, the statute of limitations for personal injury actions is two years.[29] Under federal law, § 1983 claims generally accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action."[30] "[I]t is not necessary that a claimant know all of

---

[23] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

[24] *Whitney*, 113 F.3d at 1175.

[25] *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (alteration in original) (quoting *Lee v. Rocky Mountain UFCW Unions & Emps. Tr. Pension Plan*, No. 92-1308, 1993 WL 482951, at *1 (10th Cir. Nov. 23, 1993)).

[26] *Barnett v. Corr. Corp. of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011); *see also Lyons v. Kyner*, 367 F. App'x 878, 881–82 (10th Cir. 2010).

[27] *Hardin v. Straub*, 490 U.S. 536, 539 (1989).

[28] *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

[29] K.S.A § 60-513(a)(4).

[30] *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (quoting *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993)).

5

the evidence ultimately relied on for the cause of action to accrue,"[31] and "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable."[32] Here, Brown argues that the causes of action against him accrued on October 27, 2018, when the assault occurred, well over two years before the SAC was filed that substituted her as a Defendant for John Doe. The Court agrees that based on an accrual date of October 27, 2018, and a filing date of October 2, 2023, Plaintiff's claims against Brown are clearly barred by the two-year statute of limitations.

Plaintiff first argues that the claims against Brown did not accrue on October 27, 2018, because he did not have reason to know that Brown was John Doe until he reviewed the *Martinez* Report that was filed in January 2022. The document upon which Plaintiff relies from the *Martinez* Report, Exhibit G, is the complaint form he himself submitted to the jail in 2018, on the same day that the alleged excessive force occurred. That document would not have been a new discovery to Plaintiff in 2022, and in fact demonstrates that he was aware of the date of the constitutional violation. Accrual is measured from the date Plaintiff knew or had reason to know of the injury that is the basis of the action. He knew about the alleged constitutional violation and his injury on October 27, 2018; thus, that is the date on which the claim accrued.

Plaintiff next argues that his claims against Brown in the SAC relate back to his previous claims against "John Doe" in the original Complaint. Although Plaintiff concedes that his claims arising out of the 2015 events against Brown have been dismissed as untimely, he insists that Brown was not dismissed from the claims arising out of the 2018 excessive force incident, which survived against Brown as John Doe.

---

[31] *Baker*, 991 F.2d at 632 (citing *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 645 (5th Cir. 1988)).

[32] *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1216 (10th Cir. 2014) (alteration omitted) (quoting *Wallace*, 549 U.S. at 391).

Fed. R. Civ. P. 15(c)(1) governs when an amendment relates back to the original pleading:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> >
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Here, Plaintiff substituted Brown for John Doe in the SAC, so he changed the naming of a party. The Tenth Circuit has held that "as a matter of law, a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)[(1)(C)]."[33] Therefore, "[a] plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type Rule 15(c)[(1)(C)] was meant to address."[34]

---

[33] *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004).

[34] *Id.*

Under the rule, the key inquiry is whether Brown "knew or should have known that [she] would have been named as a defendant but for an error."[35]  Brown did not receive notice that Plaintiff alleged a claim against her based on the 2018 excessive force incident when the original Complaint was filed in 2020.  In fact, that pleading named *both* Brown *and* John Doe, strongly suggesting they are different individuals.[36]  Plaintiff wholly focuses on his own knowledge of Brown's identity rather than offering the Court any evidence or suggestion that Brown should have known that she was the John Doe named in the original Complaint.  Plaintiff's failure to identify John Doe in the 2020 original complaint is not sufficient under Rule 15(c)(1)(C) for his claim to relate back to that original filing for statute of limitations purposes.

Finally, Plaintiff suggests that the COVID-19 pandemic tolled the statute of limitations.  As stated above, the Court applies the forum state's tolling rules in § 1983 actions.  In response to the COVID-19 pandemic, the Kansas Supreme Court suspended all state statutes of limitations from March 19, 2020, through April 15, 2021.[37]  Application of the Kansas pandemic-related tolling rules does not defeat § 1983's goals; rather, it advances its compensation and deterrence goals by giving plaintiffs "ample time to pursue [their] claims during a global pandemic."[38]

But applying the Kansas COVID-19 tolling rules to Plaintiff's case does not save his claims against Brown.  Plaintiff's claims accrued on October 27, 2018.  Thus, the statute of limitations would have expired on October 17, 2020, but for tolling.  If the statute was tolled

---

[35] *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010).

[36] The Court also notes that Plaintiff's decision to name John Doe instead of "Jane Doe" further suggests Brown would not have known John Doe was being used as her placeholder on this claim.

[37] *See* Admin. Order No. 2021-032 (Kan. Apr. 3, 2020); Admin. Order No. 2021-PR-020 (Kan. Mar. 30, 2021).

[38] *Bonilla v. City of New York*, No. 20-1704, 2020 WL 6637214, at *2 (E.D.N.Y. Nov. 12, 2020) (finding New York Executive Order No. 202.8, which tolled state statutes of limitations in response to the COVID-19 pandemic, applicable to § 1983 claims); *see also Tran v. County of Douglas*, No. CV 21-2310-KHV, 2021 WL 5505455, at *6 (D. Kan. Nov. 24, 2021) (collecting cases).

8

from March 19, 2020 (almost seven months earlier) until April 15, 2021, Plaintiff's claims against Brown could have been filed up until mid-November 2021.  The SAC was filed on October 2, 2023, well beyond this deadline.  Therefore, Plaintiff's claims are untimely even when applying the Kansas pandemic tolling rules.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Shardale Brown's Motion to Dismiss (Doc. 160) is **granted**.  Brown is hereby dismissed with prejudice, and the Clerk is directed to terminate her as a defendant in this action.

**IT IS SO ORDERED.**

Dated: January 9, 2025

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE